ROSENBERG and others, Appellants, vs. VILLAGE OF WHITE-
FISH BAY and others, Respondents.

*May 3—June 4, 1929.*

For the appellants there were briefs by *Ben J. Wiener* and *Alexander, Burke & Clark,* all of Milwaukee, and oral argument by *Mr. Frank P. Burke* and *Mr. Wiener.*

*George H. Gabel,* attorney, and *J. E. McCarty,* of counsel, all of Milwaukee, for the respondents.

STEVENS, J. 1. The case is controlled by the *Building Height Cases,* 181 Wis. 519, 195 N. W. 544. Ordinance 219, like the statute considered in the *Building Height Cases,* looks to the future and is not retroactive in effect. It contains the identical language of the statute considered in those cases, that is that "no building shall be erected," etc. The ordinance expressly provides that any building on premises devoted to a nonconforming use at the time the ordinance

is passed may be continued in such use after the passage of the ordinance. Like the statute considered in the *Building Height Cases,* "it is silent concerning buildings in process of erection at the time the law took effect. A construction of a statute [or ordinance] which gives it a retrospective effect is not favored, and this is especially true where vested rights are affected." *Building Height Cases,* 181 Wis. 519, 531, 195 N. W. 544.

The facts in this case are very similar to those presented in the *Piper Case,* 181 Wis. 533–34, 195 N. W. 544. In that case as in this, expense had been incurred in the preparation of plans. In neither case had any work been done upon the physical structure to be built, although in the *Piper Case* work had been begun upon the removal of the building which stood on the site. But in the *Piper Case* there was no allegation that any of the expense incurred prior to the passage of the act would be rendered useless if the statute was enforced. In the case at bar the plans prepared and all expenses incurred by the plaintiffs will be rendered of no value if the ordinance prevents them from proceeding with the building of hotel and apartment buildings.

Assuming that the village of Whitefish Bay had the power to enact a zoning ordinance, and that the procedure followed in enacting ordinance 219 was such as to make it an effective zoning regulation, and without determining that the village board had no power to pass an ordinance applicable to buildings planned before the ordinance was passed, we are clear that this ordinance should not be so construed as to prevent the erection of the proposed buildings where substantial rights had vested prior to the enactment of the ordinance which would be unreasonably injured by such a construction because such a purpose is not made clearly to appear by the language of the ordinance itself. *Building Height Cases,* 181 Wis. 519, 532, 195 N. W. 544.

2. The defendants contend that the plaintiffs cannot rely upon any right that vested in them before ordinance 219 was passed because of the fact that the repeal of the former zoning ordinance was secured by false representations made by the plaintiffs prior to the passage of this repealing ordinance. The validity and effect of legislative acts is not to be determined by the inducements that led to their enactment. *Building Height Cases,* 181 Wis. 519, 529, 195 N. W. 544. This rule applies to the ordinances of municipalities as well as to laws enacted by the state legislature. *State ex rel. Rose v. Superior Court,* 105 Wis. 651, 677, 81 N. W. 1046; *Tilly v. Mitchell & Lewis Co.* 121 Wis. 1, 10, 98 N. W. 969.

But even if the courts could deny the right of the plaintiffs to rely on the ordinance repealing the former zoning restrictions, because the passage of this ordinance was secured by false representations made by the plaintiffs, it is clear that the court ought not to deny such relief in this case, because after the officers of the village were fully informed as to the falsity of any representations made, they permitted the ordinance in question to stand for eighteen months, during which time Mr. Rosenberg incurred expenses relying upon the rights given him under the ordinance in question.

3. The land contract under which Mr. Rosenberg purchased this property contained a provision that no hotel or apartment house should be erected on the property here in question, with the further provision that this restriction should not apply if the entire purchase price was paid before any portion of the property had been deeded to others. It appears that some deeds had been given to property covered by the land contract before the entire purchase price was paid, although the property deeded was not in the portion which is here in controversy. The parties to this land contract subsequently modified the same so as to ex-

empt this property from this provision of the contract. Under the land contract the village was given no right to enforce this restriction as to hotels and apartment buildings. Apparently this provision was inserted for the protection of the vendor under the land contract who has seen fit to waive the right to this restriction. In any event, even if this provision was for the protection of purchasers of lots, the land contract affords the village no basis for demanding that the court deny to the plaintiffs the relief to which they are entitled under the rule declared in the *Building Height Cases*.

The judgment appealed from is reversed, and the cause remanded with directions to enter judgment declaring that the plaintiffs have a right to proceed with the construction of hotel and apartment buildings according to plans prepared before the passage of ordinance 219, providing always that such buildings comply with the restrictions contained in the deed of the property in question from the plaintiffs Rosenberg to the Highland Beach Company.

The action for declaratory relief is one which is equitable in its nature. Sec. 269.56 (10) of the Statutes provides, "the court may make such award of costs as may seem equitable and just." In view of the fact that the questions involved were such as justified both parties in asking for a final determination of their rights, no taxable costs and disbursements will be allowed to either party. The defendants will pay the fees of the clerk of this court.

*By the Court.*—So ordered.