STATE EX REL. SCHROEDEL, Respondent, vs. PAGELS, Building Inspector, Appellant.

*June 7—June 30, 1950.*

378

380

*Bernard F. Mathiowetz* of Milwaukee, for the appellant.

For the respondent there was a brief by *Wolfe, O'Leary & Kenney* and *Whyte, Hirschboeck & Minahan,* all of Milwaukee, and oral argument by *H. O. Wolfe* and *Roger C. Minahan.*

HUGHES, J.    Three questions are raised upon this appeal:

1. Did the trial court err in overruling appellant's demurrer *ore tenus?*

2. Did the trial court err in adjudging that relator's plans are in compliance with sec. 9.12 (5) of the village code?

3. Did the trial court err in adjudging that the relator had a vested right as against the rezoning ordinance?

Upon the hearing of the return to the writ the appellant entered a demurrer *ore tenus.*

The petition of the relator as originally drawn failed to set out that the ordinance of the village of Whitefish Bay imposed a duty upon the building inspector to issue such permits. The answer did set out the ordinance, but appellant relies upon *Wisconsin Lakes I. & C. Co. v. Pike & North Lakes I. Co.* (1902), 115 Wis. 377, 91 N. W. 988, in contending that allegations contained in the return will not aid in remedying the defect since the sole question upon demurrer is the sufficiency of the petition.

The trial court permitted the petitioner to amend by adding allegations which sufficiently set forth the ordinance, and the

hearing proceeded upon the merits. This was clearly within the discretion of the trial court. The objection raised by the appellant was purely technical; the amendment corrected the technical error, and the matter stood at issue. All of the allegations omitted from the petition were well known to the appellant and his counsel, and the return then on file was the complete answer,—that which appellant wished to make to the amended petition as well as to the original.

The right of the trial court to permit the amendment was clear under the provisions of sec. 269.44, Stats.

"It is well settled that when a trial court keeps within the limitations imposed by the statute as to allowing amendments, the power is very broad, resting in sound discretion, and the decision will not be disturbed except for a clear abuse of judicial power." *Turner Mfg. Co. v. Gmeinder* (1924), 183 Wis. 664, 669, 198 N. W. 611.

It is contended by appellant that the relator's plans do not conform to the requirements of the ordinance as it existed at the time the applications were filed. The relator contends, first, that since all of the property belonged to but one owner, water mains in one abutting street and sewer mains on the opposite block were sufficient. We have considerable doubt upon this point, and express no opinion because in this case it is not necessary. The relator's plans call for a platting of the area so that such structures when erected will abut upon streets to be laid by the relator and dedicated to the public. The trial court has found that when completed the streets and sewers will conform to the requirements of the village. The court's finding that the plans conform to the requirements of the ordinance is amply sustained, upon this basis, by the evidence.

Whether the ordinance adopted by the village board on April 3d can deprive the relator of the right to complete the building project must be decided in the negative.

We are of the opinion that the trial court's conclusion to that effect is supported by the principle adhered to in the

*Building Height Cases* (1923), 181 Wis. 519, 195 N. W. 544, and *Rosenberg v. Whitefish Bay* (1929), 199 Wis. 214, 217, 225 N. W. 838. In the latter case the ordinance expressly provided that any building on premises devoted to a nonconforming use at the time the ordinance was passed might continue in such use after the passage. The ordinance was silent concerning buildings in process of erection at the time the law took effect. The court there said:

" 'A construction of a statute [or ordinance] which gives it a retrospective effect is not favored, and this is especially true where vested rights are affected.' *Building Height Cases,* 181 Wis. 519, 531, 195 N. W. 544. . . .

"In the case at bar the plans prepared and all expenses incurred by the plaintiffs will be rendered of no value if the ordinance prevents them from proceeding with the building of hotel and apartment buildings.

"Assuming that the village of Whitefish Bay had the power to enact a zoning ordinance, and that the procedure followed in enacting ordinance 219 was such as to make it an effective zoning regulation, and without determining that the village board had no power to pass an ordinance applicable to buildings planned before the ordinance was passed, we are clear that this ordinance should not be so construed as to prevent the erection of the proposed buildings where substantial rights had vested prior to the enactment of the ordinance which would be unreasonably injured by such a construction because such a purpose is not made clearly to appear by the language of the ordinance itself." See also *Eggebeen v. Sonnenburg* (1941), 239 Wis. 213, 1 N. W. (2d) 84.

There is also in this case evidence to sustain the finding of the trial court that the nature of the surrounding area is such as to make the rezoning arbitrary and unreasonable. Upon the west, north, and south the tract is adjacent to either industrial, commercial, or apartment zones. Only on the east are there single-family units, and they are separated from the respondent's property as well as from the other undesirable area by Santa Monica boulevard, which is a double street with parkway in the middle.

The New Jersey court in a case where the ordinance was changed after filing of an application for building permit, said:

"Clearly this was an eleventh-hour attempt to prevent this relator from using her property for its highest use and for which it had been zoned for seven years, during which time its assessed value had been substantially increased because it was so zoned. Such action was ill-advised, capricious, and unreasonable. It was doubtless precipitated because of public excitement and clamor. Some of this opposition was likely based upon misinformation as to the plan of development contemplated.

"However that may be, we are satisfied that the result was an arbitrary interference with the lawful and legitimate use of private property." *Vine v. Zabriskie* (1939), 122 N. J. L. 4, 6, 3 Atl. (2d) 886.

In *Geisenfeld v. Shorewood* (1939), 232 Wis. 410, 414, 417, 287 N. W. 683, where the factual situation was very similar to that in this case, the trial court held that:

". . . the ordinance which classified the plaintiff's property as residential was adopted without due consideration being given to the natural development of the village in the area surrounding the plaintiff's property; that the plaintiff's property was and now is in the heart of an apartment and business district; that the classification of the plaintiff's property as residential deprives the plaintiff of his property without due process of law . . . that the action of the board of trustees in classifying plaintiff's property as residential was and is arbitrary, unreasonable, unjustified . . . and an abuse of discretion. . . ."

This court affirmed the trial court, and after reviewing the Wisconsin cases, held that the physical facts indicated that "the board of trustees, in adopting the ordinance restricting the plaintiff's lots to residential purposes, clearly exceeded the bounds of legislative discretion, and that the ordinance in that respect was unconstitutional and void because 'clearly arbitrary and unreasonable, having no substantial relation to the

public health, safety, morals, or general welfare.' *Euclid v. Ambler Co.* 272 U. S. 365, 47 Sup. Ct. 114, 71 L. Ed. 303; *Zahn v. Board of Public Works,* 274 U. S. 325, 47 Sup. Ct. 594, 71 L. Ed. 1074; *Nectow v. Cambridge,* 277 U. S. 183, 48 Sup. Ct. 447, 72 L. Ed. 842."

The decision of the trial court is soundly based upon both the nature of the uses of the surrounding property and the vested rights acquired by the relator before the attempted change in the ordinance.

*By the Court.*—Judgment affirmed.