DES JARDIN, Appellant, vs. TOWN OF GREENFIELD and others, Respondents.

*May 8—June 3, 1952.*

*Walter J. Steininger* and *Benjamin S. True,* both of Milwaukee, for the appellant.

*J. Finn Grimes* of Milwaukee, for the respondents.

FRITZ, C. J.  In November of 1948, plaintiff acquired an equitable interest in a piece of land in the town of Greenfield with a house located thereon.  He then inquired of the town officials if it was permissible for him to place a trailer on his land for use as living quarters and was assured that he could do so.  Thereupon he purchased a trailer for $3,000 and moved it onto the land adjacent to the house located thereon.  Ever since that time plaintiff has occupied and used his trailer in connection with the living quarters in the dwelling.  The plaintiff has had only this one trailer and it has been kept adjacent to the house.

Sec. 4 (b) of the town ordinance adopted April 16, 1941, provided as follows:

"It shall be unlawful for any person, firm, or corporation to keep, maintain, or place any automobile trailer or house car upon a lot, piece, or parcel of ground within the town of Greenfield except in a licensed campground as herein defined, at any time when such automobile trailer or house car is occupied or available for occupancy *unless such person shall own or occupy a dwelling within said town and use not more than one such automobile trailer or house car in connection with the living quarters in said dwelling, in which event such automobile trailer or house car shall be kept immediately adjacent to said dwelling.*"

Such ordinance of April 16, 1941, was in force and effect when plaintiff acquired the equitable interest in the aforementioned tract of land and dwelling house in 1948 and purchased his house trailer and installed the same adjacent to said house and he and his family occupied said trailer in connection with said house for dwelling-house purposes. His initial use of said trailer was lawful under the exception contained in the italicized portion of sec. 4 (b) of the 1941 ordinance. He therefore had a vested interest in said trailer and in the use thereof for dwelling purposes on said tract of land owned by him at the time the 1941 ordinance was repealed on October 19, 1949, when the new ordinance was adopted. The portions of the October 19, 1949, ordinance pertinent to the within action are as follows:

"Section 1. It is hereby determined in the interest of the public health, safety, and welfare of the people of the town of Greenfield and under the authority and powers given the town board by chapter 481, Laws of 1949, creating section 60.297 of the statutes of the state of Wisconsin that the following rules and regulations shall govern the parking of trailers or house cars in the town of Greenfield, and shall establish standards for the maintenance of trailer camps, and provide a licensing system therefor. . . .

"Section 4. *Who shall be required to have trailer camp license.* (a) It shall be unlawful for any person, firm, or corporation to operate or maintain, or to offer for public use,

within the confines of the town of Greenfield, any trailer camp without first applying for and receiving from the town a license so to do, or without complying with the regulations of this ordinance or such regulations as may hereafter be adopted.

"(b) *It shall be unlawful for any person, firm, or corporation to keep, maintain, or place any trailer or house car upon a lot, piece, or parcel of ground within the town of Greenfield except in a licensed trailer camp as herein defined, at any time when such trailer or house car is occupied or available for occupancy.* Nothing in this ordinance shall be construed to prevent the placing of trailers or house cars on any premises within the town when such trailers or house cars are placed thereon solely for the purpose of display or sale and are not actually in use or occupied. . . ."

The October 19, 1949, ordinance contained no saving clause exempting existing nonconforming uses. We view the ordinance in this instance as being very similar in character to zoning ordinances, inasmuch as the source of the power of the legislature to authorize their enactment is dependent on the same general police power. Therefore, the same principles of constitutionality are applicable to both types of ordinance. If the ordinance in the instant case were to be construed as being retrospective in operation, it would be unconstitutional and invalid with respect to plaintiff's vested interest in his trailer and the right to continue to use the same on his own land for dwelling-house purposes.

8 McQuillin, Mun. Corp. (3d ed.), p. 363, sec. 25.181, states:

"Generally speaking, a nonconforming use existing at the time a zoning ordinance goes into effect cannot be prohibited or restricted by statute or ordinance, where it is a lawful business or use of property and is not a public nuisance or harmful in any way to the public health, safety, morals, or welfare. In other words, a zoning ordinance is invalid and unreasonable where it attempts to exclude and prohibit existing and established uses or businesses that are not nui-

sances. If when a zoning ordinance was adopted, premises were used for a nonconforming use, one is within his rights in continuing that use. Accordingly, zoning regulations cannot be made retroactive and neither can prior nonconforming uses be removed nor existing conditions be affected thereby." To the same effect see 58 Am. Jur., Zoning, p. 1022, sec. 148.

In *State ex rel. Schroedel v. Pagels,* 257 Wis. 376, 43 N. W. (2d) 349, the owner of a tract of land in Whitefish Bay applied for permits to build a group of apartment buildings at a time when the land was zoned for apartment-house purposes. The owner had secured approval of the Wisconsin industrial commission to his plans, had complied with all requirements of law to entitle him to building permits, and had made a considerable investment which would result in loss to him if the permits were withheld. The village building inspector arbitrarily withheld the permits and the landowner brought mandamus proceedings to compel their issuance. Thereafter, while such proceedings were pending the village board adopted an ordinance rezoning the area for single residences only. This court held that the landowner had acquired vested rights to complete his apartment-building project, which was in the nature of a nonconforming use that the subsequently adopted zoning ordinance could not prohibit, and cited in support of such holding, *Building Height Cases,* 181 Wis. 519, 195 N. W. 544, and *Rosenberg v. Whitefish Bay,* 199 Wis. 214, 225 N. W. 838.

In *Building Height Cases, supra,* this court said (p. 531) :

"A construction of a statute which gives it a retrospective effect is not favored, and this is especially true where vested rights are affected. In 25 Ruling Case Law, 787, it is said: 'Every law that takes away or impairs rights that have vested under existing laws is generally unjust and may be oppressive. Hence such laws have always been looked on with disfavor.' "

In *Rosenberg v. Whitefish Bay, supra,* the same principle of statutory construction was declared by this court as follows (p. 217):

"Assuming that the village of Whitefish Bay had the power to enact a zoning ordinance, and that the procedure followed in enacting ordinance 219 was such as to make it an effective zoning regulation, and without determining that the village board had no power to pass an ordinance applicable to buildings planned before the ordinance was passed, we are clear that this ordinance should not be so construed as to prevent the erection of the proposed buildings where substantial rights had vested prior to the enactment of the ordinance which would be unreasonably injured by such a construction because such a purpose is not made clearly to appear by the language of the ordinance itself. *Building Height Cases,* 181 Wis. 519, 195 N. W. 544."

Upon the foregoing authorities it is our conclusion that the town ordinance adopted October 19, 1949, must be construed as not to be retrospective in operation, as applied to the vested rights of the plaintiff to continue to use his trailer upon his own land for private dwelling purposes. If we did not so construe the ordinance we would have to hold it unconstitutional and invalid as applied to plaintiff.

By arriving at this result we are not deciding that the town is without power to regulate the use of plaintiff's trailer in the interest of the public health, but that it is without power to prohibit such use, where such trailer does not constitute a public nuisance. Neither do we decide that the town is without power to exact a reasonable license fee in connection with a proper regulatory measure requiring inspection to be made by a town officer, or employee, for the purpose of determining whether the sanitary requirements of the ordinance have been complied with. However, the licensing provisions of the ordinance of October 19, 1949, are not

applicable to plaintiff because plaintiff is not operating a "trailer camp" and does not propose to do so.

Counsel for the defendants contends that the trial court had no other alternative but to grant defendants' motion for summary judgment inasmuch as the trial court had no affidavit of the plaintiff before it when it passed upon such motion for summary judgment. There was no necessity for plaintiff to file such counteraffidavit because the plaintiff did not take issue with the facts set forth in the affidavit of the defendant town clerk, and the verified pleadings, including the "reply" to the answer, together with the facts set forth in the affidavit of the clerk, raised a clear question of law as to the construction and validity of the ordinance. The entry of summary judgment is proper where the issues presented on the motion for such judgment are legal rather than factual.

In *State ex rel. Salvesen v. Milwaukee,* 249 Wis. 351, 355, 24 N. W. (2d) 630, this court stated:

"It is also argued that the case is not a proper one for a summary judgment. We have found no dispute in the facts save in the respect just set forth and we have pointed out that this difference is not significant. The material issues are legal rather than factual and the case falls squarely within the purpose of sec. 270.635, Stats., the summary-judgment statute."

Plaintiff is entitled to have a judgment rendered in his behalf determining that his vested interest to continue to use his trailer on his own land for dwelling-house purposes is not prohibited by the provisions of the aforesaid town ordinance adopted October 19, 1949, inasmuch as such ordinance is not retrospective in operation with respect to such prior vested rights of the plaintiff.

*By the Court.*—Judgment reversed and cause remanded with directions to enter judgment in conformity with this opinion.