**MEUSER et, Plaintiffs-Appellants, v. SMITH et, Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 5237.   Decided March 16, 1956.

Barnhart & Wehr, Columbus, for plaintiffs-appellants.
Griffith & Griffith, Columbus, for defendants-appellees.

(FESS, J, of the Sixth District, sitting by designation in the Second District.)

## OPINION

By MILLER, PJ.

This is a law appeal from a judgment of the Common Pleas Court denying the plaintiffs a right to enjoin the defendants from constructing a trailer camp on neighboring property.  The facts were stipulated and those pertinent to this appeal appear to be as follows:  The appellees herein, G. Clifford Smith and Curtis A. Smith, prior to March 27, 1952, were desirous of constructing a trailer court in Franklin County.  After making a careful survey of suitable locations the tract of land which is the subject of this action, consisting of approximately eleven acres, was found to be free of any zoning regulations, and on said date the

same was purchased for such purpose. It was divided by a highway with three acres on one side thereof and eight acres on the other. Possession of the three acre tract was given to the purchasers on the date of sale, but the remaining eight acres were under oral lease which did not terminate until January 1, 1953, at which time possession was secured. Immediately after the purchase engineers were employed to prepare plans, etc., for the development of the entire tract as a trailer park. A copy of the said plan was submitted to the Secretary of the Franklin County Rural Zoning Commission in order to determine whether the same complied with the requirements of the zoning regulations as to trailer parks. The defendants were advised by letter by the secretary that said plans complied with all the requirements of the zoning regulations, but that since the site in question was not subject to zoning said Commission had no jurisdiction in the matter. The plans were also submitted to the Franklin County Board of Health and approved by it on April 18, 1952. They were also submitted to the Franklin County Sanitary Engineering Department and approved by it on April 28, 1952. Detailed plans for the construction of one of two utility buildings were submitted to the Franklin County Department of Building Regulations and a permit for its construction was issued April 29, 1952. The permit described the building as a utility building for a trailer park and the above mentioned plan for the development of the entire tract as a trailer park was filed with said Department with the application for the building permit, and is on file with said Department. Construction work was started on said building immediately and the excavation had been made and footers constructed when a temporary restraining order was issued by the Common Pleas Court of Franklin County, Ohio, in the case of Meuser, et al. v. Smith, et al., the same parties as in this action, which order was issued on or about May 2, 1952. It was stipulated that the foundation was completed to the ground level when further construction work was stopped as the result of the restraining order. On May 11, 1952, the defendants obtained from the Franklin County Department of Building Regulations a building permit for another utility building shown on the trailer park plan. Thereafter the defendant obtained a renewal of said permit to May 11, 1953, and in April, 1953, started construction of said utility building and have constructed the footers and foundation for the same. On July 22, 1952, said restraining order was dissolved and the plaintiffs' petition dismissed for the reason that the same failed to state a cause of action against the defendants. After the dismissal of the action the defendants laid up some additional block on the foundation of said utility building and did additional grading, etc. In the fall of 1952, contracts were let for the installation of water lines, sewer lines and electricity, the said work to be done in the spring of 1953. On May 20, 1952, the eleven acre tract involved herein was zoned for residential and agricultural purposes. The resolution does not permit the establishment of trailer parks on property zoned as residential and agricultural in the absence of a nonconforming use. A use permit from Franklin County for the operation of a trailer park on these premises had not been obtained prior to the filing of this action, to wit, May 8, 1953.

It is first urged that the court erred in finding that a nonconforming use had been established as to any part of the acreage in question. It is the contention of the plaintiffs that no "nonconforming" or "existing" use had been established by the defendants prior to the time the zoning resolution became effective as to the property in question on May 20, 1952; that mere intention, plans and even expenditure of funds for construction preliminary to actual use are not enough; that to establish a valid "nonconforming" use the premises must have been actually used for the intended purposes; that as of May 20, 1952, no trailer camp was in existence and that the only work actually done was excavation preliminary to construction of a utility building, the construction of footers and the construction of a foundation to ground level. The defendants, on the other hand, assert that by starting construction they did establish an "existing" use within the meaning of the applicable regulation and enabling statutes; that they acquired a vested right to complete such and use the same under the "due process" clause of the United States Constitution. They further urge that the previous action being between the same parties and seeking the same relief, although predicated on a claim of nuisance and not on a claim of violation of zoning regulations, is res judicata, since the zoning resolution became effective during the pendency of the case and the plaintiffs having failed to amend their petition to allege any zoning violation; that if the previous action is not res judicata plaintiffs are guilty of laches by failing to assert their claim of zoning violation until the filing of the petition herein on May 8, 1953.

We have examined the well-considered opinion of Judge Leach in which the Ohio authorities as well as those from foreign jurisdiction are discussed, and are in full accord with his conclusion that a nonconforming use has been established by the defendants. It would serve no useful purpose for us to again review the same subject matter. We also find that the court's conclusion is supported in McQuillan on Municipal Corporations, 3rd Ed. Sec. 25.157 (Volume 8, Pages 272 and 273):

"Indeed, the general rule is that any substantial change of position, expenditures or incurrence of obligations under a permit entitles the permittee to complete the construction or use the premises for the purposes authorized irrespective of subsequent zoning or changes in zoning. Thus when the granting of building permits is followed by the letting of contracts and commencement of the work, a subsequent amendment to the zoning restrictions will not affect the permit."

We are of the further opinion that the present action is barred by reason of the adjudication in the previous case. In that case the action was grounded upon the premise that the trailer camp would constitute a nuisance. But before the action was dismissed the zoning regulation had been adopted. The zoning issue could have been raised in that case either by amendment or supplemental petition which was not done. In **Quinn, Auditor et al., v. State, ex rel. Leroy, 118 Oh St 48,** it is said in the syllabus, paragraph 1:

"Material facts or questions which were in issue in a former suit and were there judicially determined by a court of competent jurisdiction are conclusively settled by the judgment therein so far as concerns

the parties to that action and persons in privity with them and cannot be again litigated in any future action between the same parties or privies, and this rule also applies not only to what was determined but also as to every other question which might properly have been litigated in the case. (**Nixon v. Ogg, 53 Oh St 361, 42 N. E., 32, and Strangward v. American Brass Bedstead Co., 82 Oh St 121, 91 N. E., 988,** followed and approved.)"

We are also in accord with the court's conclusion that the entire eleven acres constituted but one tract and not two. This was a factual question and one solely for the determination of the trial court.

Finding no error in the record the judgment will be affirmed.

HORNBECK and FESS, JJ, concur.