DAVID A. ULRICH, INC., Appellant, v. TOWN OF SAUKVILLE, Respondent.

*April 6—May 5, 1959.*

174

For the appellant there was a brief by *William P. Mc-Govern,* attorney, and *Patrick T. Sheedy* of counsel, both of Milwaukee, and oral argument by *Mr. McGovern.*

For the respondent there was a brief by *Schanen, Schanen & Pauly* of Port Washington, attorneys, and *George D. Young* of Milwaukee of counsel, and oral argument by *Mr. Young* and *Mr. Erwin N. Pauly.*

HALLOWS, J.   The two questions on appeal are: (1) Is the ordinance of December 1, 1953, regulating trailer camps valid, and (2) did the plaintiff acquire vested rights to use this property as a trailer camp so as to make such use a valid nonconforming use under the zoning ordinance? The plaintiff contends the trailer-camp ordinance of 1953 is invalid because it was in fact a zoning ordinance and the respondent failed to comply with provisions of sec. 60.74 (1) (am), Stats. 1953, providing a town board may not adopt a zoning ordinance without first presenting a petition to the county board to adopt a county zoning ordinance. The plaintiff urges there is an apparent conflict between this section and sec. 66.058, Stats. 1953, on which the respondent relies and the two sections must be construed together to require a petition by the town board to the county board before a town can pass an ordinance under sec. 66.058.

We do not agree with this contention. The case of *McLoughlin v. Malnar* (1941), 237 Wis. 492, 297 N. W. 370, relied upon by the plaintiff, is not applicable. The trailer-camp ordinance was enacted over three months after sec. 66.058, Stats., was published on August 8, 1953. This

section was created by ch. 563, Laws of 1953, which re-
pealed sec. 60.297 dealing with the same subject matter.
Sec. 66.058 deals with mobile-home parks or trailer camps
and sub. (2) thereof empowers cities, towns, and villages
to establish by ordinance reasonable standards and regula-
tions for trailer camps and mobile-home parks; to require an
annual license fee to operate such camps; to levy special
assessments to defray the cost of municipal and educational
services furnished such camps or parks; to limit the number
of units that may be kept in one camp or park; and to limit
the number of licenses for such camps or parks in any com-
mon school district. The section provides that this power
is "in addition to all other grants and shall be deemed
limited only by the express language of this section." This
section does not require a petition to the county board prior
to the enactment of an ordinance thereunder.

Sec. 60.74, Stats., is the older statute going back to 1947
and grants zoning power to towns in counties which have
not adopted a county zoning ordinance. Under sub. (1)
(am) of sec. 60.74 a town board may not proceed to pass
a zoning ordinance unless it first petitions the county board
to adopt a county zoning ordinance. While this section is
applicable to regulating and restricting trailer camps, it is a
general grant of zoning power to towns. In contrast, sec.
66.058 is a specific statute passed six years later and applies
not only to towns but also to villages and cities, and at most
deals only in part with the subject matter of sec. 60.74.

Under the fundamental principle of construction where
one statute deals with a subject in general terms and a later
statute deals with part of the same subject in a more-detailed
way, and it is impossible to harmonize the two, the provi-
sions of the later more-specific statute will prevail. See 2
Sutherland, Statutory Construction (3d ed.), p. 541, sec.
5204.

These sections of the statutes need not be harmonized. The intent of the legislature clearly appears. By its express language sec. 66.058, Stats., provides the power conferred on towns is "in addition to all other grants and shall be deemed limited only by the express language of this section." This section does not deal with general zoning but only with the regulation of the maintenance, operation, and licensing of trailer camps. By sub. (5) of the section, plans and specifications of a trailer camp must comply with all applicable city, town, and village ordinances. Sec. 66.058 (2) (c) provides that if a town board also adopts and approves a county zoning ordinance under sec. 59.97, the most-restrictive ordinance shall apply with respect to the establishment and operation of any trailer camp. These provisions indicate there were to be building and zoning ordinances applicable to trailer camps. The trailer ordinance does not deal with the location of trailer camps. *How* a trailer camp is to be maintained and operated in a city, village, or town is governed by sec. 66.058, but *where* such camps are to be maintained and operated in a town is governed by sec. 60.74. We therefore conclude the legislature intended sec. 66.058 to abrogate any repugnancy between it and sec. 60.74. The trailer ordinance as adopted by the respondent in 1953 was valid.

The next question is whether the plaintiff acquired any vested rights to the use of the property as a trailer camp prior to the effective date of the zoning ordinance establishing the property residential. Ordinarily a statute or ordinance is not construed to give it retroactive effect. Zoning ordinances look to the future. See Rhyne, Municipal Law (1957 ed.), p. 891, sec. 32.25; *Building Height Cases* (1923), 181 Wis. 519, 195 N. W. 544. See also *Rosenberg v. Whitefish Bay* (1929), 199 Wis. 214, 225 N. W. 838; *State ex rel. Schroedel v. Pagels* (1950), 257 Wis. 376, 43 N. W. (2d) 349. The zoning ordinance was in incubation

from April 19, 1955, when the respondent applied to the county board to adopt a county zoning ordinance. Some two years later, in August, a petition was filed with the town board for the consideration of the enactment of a zoning ordinance, which was finally adopted on October 18, 1957, and became effective December 11, 1957.

At the time of its effective date the plaintiff had already purchased the property and improved it for use as a trailer camp. These improvements consisted of drilling a well, installing sewers and electricity, constructing a utility building with laundry facilities, construction of a 30-foot wide gravel road and other matters necessary to the operation of a trailer camp or park. These improvements were sufficient to accommodate 40 trailers of the approximate 140 trailers contemplated by the plaintiff's plans. These facts perhaps would constitute a use of the property at least to the extent of 40 trailers. The question is not the quantum of use of the property by the plaintiff but whether the plaintiff had any vested rights to such use.

Sec. 66.058 (2) (a), Stats. 1957, 10 W. S. A., p. 79, makes it unlawful for any person to maintain or operate in a town a trailer or mobile-home park unless such person shall first obtain a license therefor. Subs. (4) and (5) provide for an original application for a license to be filed with the clerk of the licensing authority which must include a complete plan of the park and plans and specifications. Upon the approval of the application and upon the completion of the work according to the plans the license shall be issued. The trailer ordinance, by sec. 3 thereof, likewise makes it unlawful to maintain or operate a trailer camp in a town without first applying for and receiving a license to do so. By sec. 5 of the ordinance the application must state the sanitary, electric light, and road facilities, the number of trailers to be accommodated, and other details. Only one trailer

camp is allowed in any common or joint school district and no more than 10 trailers permitted in any trailer camp. The ordinance also sets up standards for trailer sites relating to lighting, roadways, toilet facilities, water supply, waste disposal, and other matters. Other sections regulate the management, registration of guests, provide for license fees, and special assessments.

The plaintiff made no application for a license until January 3, 1958, almost two months after the improvements had been made, and the appellant claims the property was ready for use as a trailer camp. The appellant relies on *Meuser v. Smith* (1956), 74 Ohio Law Abs. 417, 141 N. E. (2d) 209. In that case there was a valid permit issued which described the utility buildings for the trailer camp and plans for the development of the entire tract were filed. There was no question of the unlawfulness of the nonconforming use that was established. Neither is *Des Jardin v. Greenfield* (1952), 262 Wis. 43, 53 N. W. (2d) 784, in point. In that case the use of a trailer adjacent to a dwelling was lawful at the time the ordinance was passed restricting trailers to licensed camps.

The facts as to use in this case would be controlled by *State ex rel. Schroedel v. Pagels* (1950), 257 Wis. 376, 43 N. W. (2d) 349, and *Rosenberg v. Whitefish Bay* (1929), 199 Wis. 214, 225 N. W. 838, were it not for the fact that the claimed use by the appellant of the premises prior to the enactment of the zoning ordinance was unlawful and in violation of the trailer-camp regulation ordinance. There can be no rights vested or otherwise in an unlawful use.

It is unfortunate that the plaintiff was misinformed by its agent that there was no ordinance in existence regulating the maintenance and operation of trailer camps. An inquiry of the town officials consulted by the plaintiff would have presumably disclosed this information. Here the plaintiff relying on its mistaken belief that it could use the property

any way it chose, purchased the land, and immediately made improvements to convert the premises into a trailer camp without a license or an application therefor in violation of a valid trailer-camp ordinance.

The judgment of the trial court dismissed the complaint. In a suit for a declaratory judgment under sec. 269.56, Stats., where the subject matter of the suit is adjudicated, the complaint should not be dismissed but the judgment should set forth the declaratory adjudication.

We conclude the judgment should be modified by eliminating the dismissal of the plaintiff's complaint, and by providing (1) that the trailer ordinance was validly adopted on the 1st day of December, 1953, by the town board of the town of Saukville pursuant to sec. 66.058, Stats., and (2) that David A. Ulrich, Inc., plaintiff, acquired no vested rights in and to the use of its property as a trailer camp or mobile-home park prior to December 11, 1957, the effective date of the zoning ordinance of the town of Saukville, defendant, adopted on the 18th day of October, 1957.

*By the Court.*—The judgment appealed from is modified in accordance with this opinion and, as so modified, is affirmed.