CITY OF FRANKLIN, Appellant, v. GEROVAC, Respondent.

*No. 208. Argued May 1, 1972.—Decided June 6, 1972.*
(Also reported in 197 N. W. 2d 772.)

For the appellant there was a brief and oral argument by *Gregory P. Gregory* of Cudahy.

For the respondent there was a brief by *Eisenberg, Kletzke & Eisenberg*, attorneys, and *Edwin A. Star* of counsel, all of Milwaukee, and oral argument by *Neil D. Eisenberg*.

HEFFERNAN, J.    The proceedings herein were extensive and apparently covered several days of trial. However, only a partial transcript was filed, and only a portion of the testimony is before us in this case.

It is undisputed that Gerovac purchased the property in question in 1950. At that time, the city of Franklin had not been organized, the area was rural in nature, and no zoning ordinance prohibited Gerovac's use of the

property as a salvage yard. It is undisputed on this appeal that, from 1950 until the present time, Gerovac continually operated his business at its present location.

In 1956 the town of Franklin became a city, and a comprehensive zoning ordinance was adopted. This zoning ordinance, which remains in effect, does not permit Gerovac's business at its present location. Applications for rezoning made in 1960 and in 1964 were denied.

The complaint filed in the circuit court for Milwaukee county on June 24, 1969, alleges:

"5. That the said defendant is storing used building materials, fixtures, equipment, etc., on said premises for resale, contrary to the zoning ordinance of the city of Franklin."

In its prayer for relief, the city of Franklin asked that the defendant be restrained from the storing of used building materials on the property and that he be restrained from operating a used building material business on the land.

Although the defendant moved for summary judgment to dismiss the plaintiff's complaint, the record does not reveal what disposition was made of that motion. The case proceeded to trial, and evidence was adduced which amply supports the trial judge's finding:

". . . that the use of the premises at the time of the trial of the issues . . . were existing at the time of any adoption or amendment of the claimed zoning ordinance which says that pursuant to the statutes of the state of Wisconsin said use constituted nonconforming uses and same may be continued, although such uses do not conform with the provisions of the ordinance."

In addition, the trial court found that the nonconforming uses were not discontinued for a period of twelve months and have continued without interruption from 1950 to the date of trial. The facts are undisputed, the trial judge's conclusions of law are correct, and the judg-

ment dismissing the plaintiff's complaint must be affirmed.

On appeal, however, the city relies mainly on a point not alluded to in its pleadings and which was considered only peripherally in the testimony. It introduced an ordinance of the town of Franklin adopted in 1949 and which was indisputably in effect at the time Gerovac acquired his property and commenced using it for a salvage yard. Upon the organization of the city of Franklin, the prior ordinances of the town of Franklin were adopted; and such ordinances, including the one in question, have been in effect without interruption. The ordinance relied upon is captioned:

"An ordinance regulating the hauling, storage, disposal, and burning of garbage, rubbish, junk or other refuse materials within the town of Franklin, Milwaukee county, Wisconsin."

The ordinance set forth procedures for obtaining a permit to carry on operations regulated by the ordinance. It, in addition, provided penalties for the violation of the ordinance.

Sec. 62.23 (7) (h), Stats., which permits nonconforming uses, includes in its provisions:

"The *lawful* use of a building or premises existing at the time of the adoption or amendment of a zoning ordinance may be continued although such use does not conform with the provisions of the ordinance." (Emphasis supplied.)

The city argues that, by virtue of this pre-existing town ordinance, under which Gerovac had never received a permit for his operations, his use of the property was unlawful and therefore cannot constitute a permitted nonconforming use. It relies upon *David A. Ulrich, Inc. v. Saukville* (1959), 7 Wis. 2d 173, 96 N. W. 2d 612, and *Town of Wilson v. Kunstmann* (1959), 7 Wis. 2d 387, 96 N. W. 2d 709. In *Ulrich* this court stated, at page 180:

"The facts as to use in this case would be controlled by *State ex rel. Schroedel v. Pagels* (1950), 257 Wis. 376, 43 N. W. (2d) 349, and *Rosenberg v. Whitefish Bay* (1929), 199 Wis. 214, 225 N. W. 838, were it not for the fact that the claimed use by the appellant of the premises prior to the enactment of the zoning ordinance was unlawful and in violation of the trailer-camp regulation ordinance. There can be no rights vested or otherwise in an unlawful use."

We conclude, however, that those cases are not controlling. In those cases the unlawful use was clear. In the instant case there is substantial doubt that the ordinance was applicable to Gerovac's business. More importantly, although the trial judge had the ordinance before him, he made no finding that, by virtue of the ordinance, the use was unlawful. On the contrary, he found that the nonconforming use qualified to continue under the terms of the Wisconsin statutes. There is nothing in the record to indicate that Gerovac's operation prior to the enactment of the zoning ordinance was not a lawful use in the sense contemplated by sec. 62.23 (7) (h), Stats. Moreover, the record is clear that, although this ordinance was in effect for approximately twenty years prior to the lawsuit, its existence was never called to Gerovac's attention nor was any attempt ever made to enforce its provisions. The ordinance appears, at the most, to be regulatory in nature; and even though it be conceded *arguendo* that some of the activities carried on on Gerovac's property are within the scope of the ordinance, the ordinance does not prohibit the use to which the property is put but is regulatory only. Gerovac's use of the property was a permissible use before the adoption of the zoning ordinance, and such use may be continued although it does not conform with the present provisions of the city ordinance.

*By the Court.*—Judgment affirmed.