Thomas SAXE et al., Plaintiffs,

v.

Harold BREIER et al., Defendants.

No. 74–C–613.

United States District Court,
E. D. Wisconsin.

June 16, 1975.

Earl A. Hagen, Milwaukee, Wis., for plaintiffs.

James B. Brennan, City Atty. by James E. Fitzgerald, Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiff has filed a motion for a preliminary injunction pursuant to Rule 65, Federal Rules of Civil Procedure. I hold that such motion should be denied.

Specifically, the plaintiff seeks an order enjoining the defendants from enforcing the provisions of § 106.13(2)(d) of the ordinances of the city of Milwaukee. Section 106.13(d)(2) is a part of a recently enacted ordinance providing licensing requirements for the operation of massage parlors and it states:

"(d) Rooms in which massage is to be practiced or administered shall have at least fifty (50) square feet of clear floor area and shall maintain a light level of no less than forty (40) foot candles as measured at three (3) feet above the floor. Such rooms shall be equipped with cabinets for the storage of clean linen and chemicals and approved receptacles for the storage of soiled linen. Such rooms shall contain a door incapable of being locked from the exterior or interior. Such door shall contain a transparent window pane no less than twelve (12) inches wide and twelve (12) inches long, such that an unobstructed view of the room is provided from a hallway or other common access area which is immediately adjacent to the room."

In my opinion the plaintiff has failed to demonstrate that his constitutional attack upon the ordinance is likely to succeed; this failure is fatal to his request for preliminary equitable relief.

See Hanley v. Volpe, 305 F.Supp. 977, 982 (E.D.Wis.1969).

It is averred that the questioned ordinance was passed subsequent to the plaintiff's operation of a massage parlor and that his premises do not now comply with § 106.13(2)(d). Section 106.13 contains no "grandfather clause" which would exempt pre-existing businesses from its requirements.

The plaintiff first claims that the ordinance is violative of the fourteenth amendment because he is deprived of vested property rights. Although he relies on Des Jardin v. Greenfield, 262 Wis. 43, 53 N.W.2d 784 (1952), that case specifically noted the distinction between *prohibiting* a pre-existing nonconforming use, and *regulating* the use of property; the *Des Jardin* court, at p. 49, 53 N.W.2d 784, recognized that the former was an unconstitutional deprivation of vested rights, but did not go beyond such position.

Indeed, it is apparent that regulatory schemes, such as that of which § 106.13(2)(d) is a part, are to be judged by a test of reasonableness. In Valley Health Systems, Inc. v. City of Racine, 369 F.Supp. 97 (E.D.Wis.1973), this court evaluated similar massage parlor licensing requirements imposed on an existing business which also was not exempted from the operation of the questioned ordinance by a grandfather clause. I believe that the following quotation from page 99 of the *Valley Health Systems* case effectively disposes of the plaintiff's fourteenth amendment challenge to § 106.13(2)(d) for purposes of the instant motion:

"On its face, the minimum physical plant standards requiring, for example, individual dressing rooms and lockers for patrons, as well as separate showers and restrooms for male and female customers, appear to be reasonable and to come within the bounds of the city's legitimate exercise of its police power. I conclude, therefore, that the plaintiffs' constitutional attack thereon is not likely to succeed."

The plaintiff also urges that § 106.13(2)(d) violates the constitutional proscription against state law impairment of contracts contained in article I, § 10 of the Constitution. It is claimed that the ordinance impairs the contract embodied in the plaintiff's leasing agreement and the "contract" arising from the plaintiff's compliance with the local building code. I find the former claim to be clearly without merit.

As to the latter claim, the plaintiff contends that his compliance with the building code, as evidenced by the certificate of occupancy issued on October 22, 1974, created a "contract" with the city of Milwaukee. The plaintiff, however, cites no language from pertinent city ordinances which make probable his ability to overcome the presumption that legislative enactments are to be treated as declarations of policy rather than contractual terms. See Dodge v. Board of Education, 302 U.S. 74, 78, 58 S.Ct. 98, 82 L.Ed. 57 (1937).

Therefore, it is ordered that the plaintiff's motion for a preliminary injunction be and hereby is denied.