PER CURIAM.
¶1 The Town of Little Wolf appeals an order of the circuit court affirming the decision of the Waupaca County Board of Adjustment that the Thiel Pit, a nonmetallic mine, is a lawful nonconforming use and is, therefore, not subject to Waupaca County's newly enacted nonmetallic mining ordinance. The Town contends that the Board of Adjustment erred in determining that the Thiel Pit is a lawful nonconforming use. The Town also contends that the Board of Adjustment erred by failing to consider whether the Thiel Pit is a nuisance, that the Board of Adjustment violated the Town's due process rights, and that the Waupaca County Zoning Department's attorney had a conflict of interest. For the reasons discussed below, we affirm.
BACKGROUND
¶2 The Thiel Pit, which is partially located within the limits of the Town, is a nonmetallic mine from which sand and gravel are extracted for use in asphalt production and road construction. See WIS. STAT. ADMIN. CODE § NR 135.03(13) (through Dec. 2018) (defining "nonmetallic mining"). The Thiel Pit is owned by David and Sally Thiel and, under their ownership, it has been in active use as a nonmetallic mine for at least thirty years. The Thiels do not run the mining operations at the Thiel Pit themselves; instead, they have granted various entities the right to mine the Thiel Pit. The Thiels have a lease with the Waupaca County Highway Department ("the Highway Department") under which the Highway Department has a nonexclusive right to extract sand and gravel from the Thiel Pit. The Thiels also have a separate lease with American Asphalt under which American Asphalt operates an asphalt plant and has authority to conduct mining operations at the Thiel Pit. American Asphalt in turn has an agreement with the Highway Department to perform gravel crushing services for the Highway Department.
¶3 In 2001, Waupaca County adopted a nonmetallic mining reclamation ordinance. See Waupaca County Ordinance ch. 43. See also WIS. STAT. § 295.12 (2017-18)[1] (directing Wisconsin Department of Natural Resources to promulgate rules relating to nonmetallic mining reclamation plan), and WIS. ADMIN. CODE §§ NR 135.16 and 17 (through Dec. 2018) (providing that no person may operate a nonmetallic mine without a reclamation permit issued pursuant to a nonmetallic mining reclamation ordinance and authorizing counties to issue such permits pursuant to such ordinances). Waupaca County Ordinance ch. 43 requires that any person seeking to engage in nonmetallic mining must possess a reclamation permit. See Waupaca County Ordinance ch. 43, § 12 (we will refer to this ordinance as the Reclamation Permit Ordinance). In order to obtain a reclamation permit, "operators" must submit a reclamation plan detailing the lands that will be affected by mining operations and how, post-mining, the operators will reclaim those lands in accordance with state standards. See Waupaca County Ordinance ch. 43, §§ 12.10 and 13.10. A person who violates the reclamation permit requirement may be subject to a daily imposed forfeiture. See Waupaca County Ordinance ch. 43. § 33.
¶4 In 2002, the Highway Department submitted a reclamation plan and obtained a reclamation permit with regard to its operations at the Thiel Pit. That reclamation plan states that the Highway Department "currently operates its asphalt production plant from [the Thiel Pit]," defines the boundaries of the Thiel Pit, and sets forth a "phasing plan and schedule" for reclamation of specified areas of the Thiel Pit based on certain specified assumptions regarding the land's use. American Asphalt has not submitted a reclamation plan or obtained a reclamation permit with regard to its operations at the Thiel Pit.
¶5 In May 2015, Waupaca County adopted Waupaca County Ordinance ch. 38, "Non-Metallic Mining Ordinance." Chapter 38 requires a conditional use permit for all nonmetallic mining in Waupaca County, including "existing mines that expand beyond the boundaries defined in their current reclamation plan," unless the operator is subject to an exemption. See Waupaca County Ordinance ch. 38, §§ 6.1[2] and 14.1. A conditional use permit is not required under the ordinance if the nonmetallic mining operation is a nonconforming use, meaning it existed at the time the ordinance, or any applicable amendment to the ordinance, took effect and the mining operation is not in conformity with the provisions of the ordinance, provided that the nonconforming use is not discontinued for twelve consecutive months. See Waupaca County Ordinance ch. 38, §§ 12.4 and 12.4.1.
¶6 In January 2016, the Waupaca County Planning and Zoning Committee ("Zoning Committee") determined that the Thiel Pit is a lawful nonconforming use. The Town appealed the Zoning Committee's decision to the Board of Adjustment, which, following a hearing, agreed with the Zoning Committee that the Thiel Pit was a lawful nonconforming use when Waupaca County Ordinance ch. 38 went into effect and is, therefore, exempt from that ordinance.
¶7 The Town sought certiorari review of the Board of Adjustment's decision in the circuit court. American Asphalt and the Thiels intervened as defendants. The court affirmed the Board's decision. The Town appeals. Additional facts are discussed below as necessary.
DISCUSSION
¶8 This appeal comes before us on certiorari review. On certiorari review, this court "reviews the decision of the board, not the decision of the circuit court." Board of Regents v. Dane Cty. Bd. of Adj. , 2000 WI App 211, ¶10, 238 Wis. 2d 810, 618 N.W.2d 537. Our review is limited to one or more of the following: (1) whether the board kept within its jurisdiction; (2) whether the board proceeded on a correct theory of law; (3) whether the board's action was arbitrary, oppressive, or unreasonable and represented its will and not its judgment; and (4) whether the evidence was such that the board might make the decision it did. Id.
¶9 The Town contends that the Board of Adjustment's decision should be reversed because the Board erred in determining that the Thiel Pit is a lawful nonconforming use and, therefore, does not require a conditional use permit in order to be operated as a nonmetallic mine. The Town also contends that: (1) the Board should have considered whether the operations at the Thiel Pit constitute a nuisance; (2) the Board violated the Town's right to due process; and (3) the Zoning Department's attorney had a conflict of interest. We address and reject each of the Town's contentions in turn.
A. Nonconforming Use Status
¶10 The Town contends that the Board of Adjustment erroneously determined that the Thiel Pit is not required to obtain a conditional use permit, as required by Waupaca County Ordinance ch. 38, because the Thiel Pit is a lawful nonconforming use. Whether a particular use is a lawful nonconforming use is a question of law that we review de novo. Waukesha Cty. v. Seitz , 140 Wis. 2d 111, 116, 409 N.W.2d 403 (Ct. App. 1987).
¶11 WISCONSIN STAT. § 59.69(10) addresses "[n]onconforming uses." It provides in relevant part: "In this subsection 'nonconforming use' means a use of land ... that existed lawfully before the current ordinance was enacted or amended, but that does not conform with the use restrictions in the current ordinance." § 59.69(10)(ab) (emphasis added). The parties agree that the Thiel Pit was used for nonmetallic mining purposes prior to the enactment of Waupaca County Ordinance ch. 38. Their dispute is whether that use of the property was lawful when ch. 38 was enacted.
¶12 The Board of Adjustment determined that any violations of the Reclamation Permit Ordinance "do not impact the determination of the Thiel Pit being a legal non-conforming use." The Town argues that this determination is erroneous as a matter of law. More specifically, the Town argues that both the Highway Department and American Asphalt are "operators" of the Thiel Pit and that as such, both were required, prior to May 2015 when Waupaca County adopted Waupaca County Ordinance ch. 38, to file a reclamation plan and obtain a reclamation permit for the Thiel Pit, pursuant to the Reclamation Permit Ordinance. The Town asserts that because American Asphalt did not file a reclamation plan and the Highway Department allegedly operated beyond "the temporal, geographic and intended use limitations" in its 2002 reclamation plan, the Thiel Pit operated in violation of the Reclamation Permit Ordinance at the time that Waupaca County Ordinance ch. 38 was adopted. The Town argues that American Asphalt's and the Highway Department's violations of the Reclamation Permit Ordinance render operation of the Thiel Pit as a nonmetallic mine "unlawful," and as a result, the Thiel Pit was not a lawful nonconforming use when ch. 38 was enacted and a conditional use permit must therefore be obtained in order to continue the mine's operation as a nonmetallic mine.[3]
¶13 In support of this argument, the Town relies on David A. Ulrich, Inc. v. Town of Saukville , 7 Wis. 2d 173, 96 N.W.2d 612 (1959). In Ulrich , a property owner, who had improved his property for use as a mobile home park, argued that his property was a lawful nonconforming use under a recently enacted zoning ordinance restricting the use of his property to residences. Id. at 174, 179. However, the property owner had applied for, but failed to obtain a license to operate a mobile home park under a separate ordinance, as required by WIS. STAT. § 66.058(2)(a) (1957).[4] Our supreme court concluded that because the property owner had not obtained the required license, use of the property as a mobile home park was not a lawful nonconforming use at the time the zoning ordinance was adopted. Id. at 179-80.
¶14 The Town asserts that Ulrich is "directly on point," by which we construe the Town to mean that in the present case, because American Asphalt and the Highway Department were allegedly not in compliance with the Reclamation Permit Ordinance, the operation of the Thiel Pit as a nonmetallic mine was not lawful when Waupaca County enacted Waupaca County Ordinance ch. 38 and, thus, the property's use as a nonmetallic mine is not a lawful nonconforming use. We disagree.
¶15 In Ulrich , the property owner's use of his property had never been lawful, in that he had failed to obtain a license as required by a separate non-zoning ordinance to commence using the land as a mobile home park. Ulrich , 7 Wis. 2d at 178-181 ; see also Franklin v. Gerovac , 55 Wis. 2d 51, 55, 197 N.W.2d 772 (1972) (declining to follow Ulrich because in that case "the unlawful use was clear"). Here, in contrast, there is no evidence that the use of the Thiel Pit was unlawful prior to the County's enactment, in 2001, of the Reclamation Permit Ordinance. That is, here, unlike in Ulrich , the Town alleges only violations of a non-zoning ordinance enacted years after the Thiel Pit had been lawfully used as a nonmetallic mine. Thus, we do not agree that Ulrich controls here.
¶16 Moreover, we agree with the Thiels and American Asphalt that our supreme court's later decision in Franklin , while seemingly difficult to reconcile with Ulrich , provides support for the Board of Adjustment's decision here. In Franklin , the supreme court addressed whether a property owner's use of his property as a salvage yard was lawful prior to the enactment of a zoning ordinance prohibiting that use. In that case, the property had been operated as a salvage yard since 1950, approximately twenty years prior to the enactment of the zoning ordinance. Franklin , 55 Wis. 2d at 53. In 1949, before the property owner began using the property as a salvage yard, the Town of Franklin adopted a regulatory ordinance "regulating the hauling, storage, disposal, and burning of garbage, rubbish, junk and other refuse materials within the Town of Franklin." Id. at 54. That ordinance set forth procedures for obtaining a permit to carry out operations regulated by the ordinance. Id. The property owner had never received a permit for the use of his property as a salvage yard. See id. at 54-55. Relying on Ulrich , Town of Franklin argued that because the required permit had never been obtained, the use of the property as a salvage yard was unlawful and could not constitute a lawful nonconforming use. Id. at 54.
¶17 The supreme court in Franklin rejected the Town of Franklin's argument that Ulrich controlled, and concluded that the property owner's use was a lawful nonconforming use, despite the property owner's failure to obtain the required permit. Id. at 55. The supreme court explained that "nothing in the record [indicated] that [the property owner's] operation prior to the enactment of the zoning ordinance was not a lawful use in the sense contemplated by [ WIS. STAT. ] § 62.23(7)(h) [ (1971) ]," which provides that a lawful nonconforming use may not be prohibited by zoning, except in specified circumstances. Franklin , 55 Wis. 2d at 55. The supreme court also explained that the 1949 permit ordinance "appear[ed], at the most, to be regulatory in nature; and ... the ordinance does not prohibit the use to which the property is put but is regulatory only." Id.
¶18 As in Franklin , there is nothing in the record before us to indicate that the operation of the Thiel Pit, prior to the enactment of Waupaca County Ordinance ch. 38, was not a lawful use contemplated by WIS. STAT. § 62.23(7)(h). In addition, the Reclamation Permit Ordinance does not prohibit the use of the property as a nonmetallic mine, but instead seeks to regulate what must be done to that property when mining operations have ceased, and any failure to comply with the Reclamation Permit Ordinance can be remedied by submitting an original or amended reclamation plan and by complying with that plan.
¶19 Accordingly, we conclude that, as in Franklin , the use of the property as a nonmetallic mine was lawful before the adoption of Waupaca County Ordinance ch. 38 and such use may be continued even if it does not conform with the Reclamation Permit Ordinance. See Franklin , 55 Wis. 2d at 55.[5]
B. Consideration of Whether the Thiel Pit Constitutes a Nuisance
¶20 The Town argues that the Board of Adjustment erred in failing to consider whether the Thiel Pit is a public nuisance before the Board determined that the Thiel Pit is a lawful nonconforming use.[6] In Des Jardin v. Town of Greenfield , 262 Wis. 43, 47, 53 N.W.2d 784 (1952), our supreme court stated:
"[A] nonconforming use existing at the time a zoning ordinance goes into effect cannot be prohibited or restricted by statute or ordinance, where it is a lawful business or use of property and is not a public nuisance or harmful in any way to the public health, safety, morals or welfare."
(Quoted source omitted.)
¶21 The Town points out that at the first hearing before the Board of Adjustment, "[s]everal residents ... expressed concerns about smoke emanating from the Thiel Pit, potential groundwater contamination, and the damage and hazards caused by heavy trucks using local roads to go to and from the [Thiel] Pit." The Town argues that in light of those expressed concerns, the Board should have considered whether the operation of the Thiel Pit at the time of the adoption of Waupaca County Ordinance ch. 38 was a public nuisance.
¶22 There has been no finding that the Thiel Pit is a public nuisance or that it is in any way harmful, and the Town does not point this court to any evidence, other than its general reference to "expressed concerns" of individuals opposed to the pit, that the Thiel Pit in fact is or has been harmful. Moreover, the Town does not explain why the Board of Adjustment was required to take up these complaints and decide whether the Thiel Pit is a public nuisance, and nothing in the record indicates that they were requested to do so.
¶23 Because nothing in the record indicates that anyone raised the issue of nuisance before the Board of Adjustment, we reject the Town's argument that the Board erred in failing to consider whether the Thiel Pit is a nuisance.
C. Due Process
¶24 The Town contends that the appeal process utilized by the Board of Adjustment violated the Town's due process rights and that it should be granted a new hearing before the Board.
¶25 The Board of Adjustment held a public hearing on the Town's appeal of the Zoning Committee's determination that the Thiel Pit is a legal nonconforming use. At the conclusion of public comments, the Board requested additional information, including evidence from the Thiels that from 1967 to 2015 there had not been a break of more than twelve months in the usage of the property as a nonmetallic mine, and briefing on whether the reclamation permit was violated and if so, whether that violation resulted in the loss of a legal nonconforming status. The parties all submitted memoranda on the issues requested, American Asphalt submitted the Highway Department's reclamation plan and additional documentation, and the Town submitted a brief that replied to American Asphalt's response and did not challenge American Asphalt's submissions. Public deliberations were subsequently held following proper notice to the public.
¶26 Waupaca County Zoning Ordinance ch. 34, § 14.04(1)(b)(9) provides:
If following the close of a hearing, the Board [of Adjustment] finds it necessary or desirable to receive additional information, evidence or arguments which may have a bearing upon the Board's decision, it shall reconvene a public hearing, with notice given in the same manner as for the initial hearing.
As noted, the Board conducted subsequent public deliberations , but the Town argues that under this section, the Board was required to reconvene a second public hearing because the Board invited and accepted additional submissions from the parties, but that it failed to do so. The Town asserts that because a second public hearing was not held, the Town "was not given the opportunity to object on the record as to the [Board's] requests for additional information or to the submissions themselves," and was not afforded "a fair opportunity to address" any new evidence. The Town also asserts that it "was not permitted to offer additional evidence as none was requested of it."
¶27 We conclude that the Town has not demonstrated that its substantive right to present evidence or argument was denied by the Board of Adjustment. While it is true that the Board did not expressly invite the Town to present additional evidence, it was apparent that the Board wanted additional argument and at least some additional information. This is not a situation in which the Town offered additional evidence and the Board refused to consider it.
¶28 Each interested party, including the Town, was afforded the opportunity to submit to the Board of Adjustment additional briefing supporting its position. The Town submitted both an initial brief, as well as a brief in response to American Asphalt's briefing and submissions. The Town does not argue that the Board prohibited the Town from submitting additional documentation. And, even if we agreed that the Board had prohibited additional documentary submissions from the Town, the Town does not explain what additional documentation it would have submitted. The Town also does not explain why the additional briefing violated the ordinance and required an additional public hearing. Not only was the Town afforded the opportunity to respond to American Asphalt's briefing, but the Town utilized that opportunity. Furthermore, the Town does not point to any time during the proceeding before the Board that it requested an additional public hearing. Accordingly, we reject the Town's contention that its due process rights were violated.
D. Conflict of Interest
¶29 The Town argues that attorney Andrew T. Phillips, who represented the Waupaca County Zoning Department, had a conflict of interest because he simultaneously represented the Highway Department. The Town argues that "[t]he Town[']s, and the public's, right to due process and a fair hearing in this action were violated" as a result of this conflict of interest because Attorney Phillips's relationship with the Zoning Department and Highway Department was not made sufficiently clear to the Board of Adjustment whose members he asserts "might reasonably have placed greater reliance on [Attorney Phillips's] seemingly non-aligned stance."
¶30 However, Attorney Phillips did not serve as counsel to the Board of Adjustment. He appeared at the hearing on behalf of the Zoning Department, essentially serving the role as counsel to one of the parties before the Board of Adjustment. The Board was advised by its own, separate, counsel, who played an active role. Further, as we have explained above, the Town has failed to persuade us that the Thiel Pit was not a lawful nonconforming use at the time the Waupaca County Ordinance ch. 38 was enacted. Thus, there is no reason to conclude that any conflict of interest on the part of Attorney Phillips had an effect on the outcome.
¶31 The Town argues that the circuit court erroneously determined that any conflict, if there was one, had been waived, but does not provide an explanation or any authority as to why the circuit court erred, other than positing a series of unanswered questions. Accordingly, we conclude that the Town's argument is insufficiently developed and that even if the Town is correct that Attorney Phillips had a conflict of interest, the Town has not shown that the conflict was not waived or would have affected the outcome of this case.
CONCLUSION
¶32 For the reasons discussed above, we affirm.
By the Court. -Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

Waupaca County Ordinance ch. 38, § 6.1 provides that "[t]he requirements of this Ordinance apply to any and all operators of Nonmetallic Mining Sites within Waupaca County ... unless an operator is exempt from regulation in accordance with section 11 of this Ordinance." Section 11 of ch. 38 addresses limitations of challenging the validity of ch. 38. Section 12 of ch. 38 addresses "Exemptions." We note this only to point out what appears to us to be an inadvertent error in numbering.

The Board of Adjustment argues that any noncompliance with the Reclamation Permit Ordinance by the operators does not affect the rights of the owners to the lawful nonconforming use status of the Thiel Pit as a nonmetallic mine. The Board also argues that American Asphalt is not an operator required to comply with the Reclamation Permit Ordinance. However, the Board does not develop these arguments with citations to, and analysis of, controlling legal authority, and we do not consider those arguments further. See State v. Pettit , 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) (arguments that are undeveloped and not supported by references to legal authority will not be considered). Accordingly, for purposes of this appeal, we assume without deciding that actions or inactions by American Asphalt and/or the Highway Department as to their operations at the Thiel Pit can affect the Thiel Pit's status as a lawful nonconforming use.

Wisconsin Stat. § 66.058(2)(a) (1957) provided: "It shall be unlawful for any person to maintain or operate within the limits of any city, town or village, any mobile home park, unless such person shall first obtain from the city, town or village a license therefor." The supreme court in David A. Ulrich, Inc. v. Town of Saukville , 7 Wis. 2d 173, 178, 96 N.W.2d 612 (1959) indicated that a separate ordinance imposed a similar licensing requirement.

Our decision should not be interpreted as a determination that the Reclamation Permit Ordinance has or has not been complied with by the Highway Department and/or American Asphalt. Nor should it be interpreted as determining that the Reclamation Permit Ordinance can or cannot be enforced against any of the parties involved here. We offer no opinion on those issues.

Waupaca County Ordinance ch. 10, § 10.02, defines "public nuisance" as:
[A] thing, act, occupation, condition or use of property which continues for such length of time as to:
A. Substantially annoy, injure or endanger the comfort, health, repose or safety of the public.
B. In any way render the public insecure in life or in the use of property.
C. Greatly offend the public morals or decency.
D. Unlawfully and substantially interfere with, obstruct or tend to obstruct or render dangerous for passage any street, alley, highway, navigable body of water or other public way or the use of public property.