STEVENSON and wife, Plaintiffs and Respondents, v. BAR-WINECK, Defendant: LEVINGS and others, Defendants and Appellants.

*November 4—December 1, 1959.*

558

For the appellants there were briefs and oral argument by *Irving D. Gaines* of Milwaukee.

For the respondents there was a brief by *Hankel & Lers* of Milwaukee, and oral argument by *Robert E. Hankel* and *David W. Lers.*

FAIRCHILD, J. In order for appellants to have been entitled to summary judgment, the evidentiary facts set out in their affidavits must have established a defense sufficient to defeat the plaintiffs. Sec. 270.635 (2), Stats.

Appellants state the question involved on this appeal as follows:

"Is an agent liable and responsible in damages to a third party for the innocent repetition by him of information furnished the agent by his principal, and which was honestly believed by the agent, and wherein the agent had no basis to doubt the verity of the same, which information actually was a misrepresentation by the principal and affected the use of the property being sold for the principal to a third party?"

Plaintiffs pose an additional question:

"Is an experienced real-estate agent who makes positive and material statements, misrepresenting essential elements of a contract, relieved of liability for damages suffered by innocent third parties who relied on said statements, because the agent honestly believed the statements to be true?"

It seems to be conceded for the purposes of the motion for summary judgment that appellants' affidavits established that appellants believed the representation was true. It is clear, as a matter of law, that they, as agents, are not charged with any actual knowledge of falsity which their principals may have had. In Restatement, 2 Agency (2d ed.), p. 112, sec. 348, it is said that:

"An agent who fraudulently makes representations, uses duress, or knowingly assists in the commission of tortious fraud or duress by his principal or by others is subject to liability in tort to the injured person although the fraud or duress occurs in a transaction on behalf of the principal."

It is stated in comment *b* under that section (p. 113):

"An agent is not liable because of misrepresentations of the principal or of another agent unless he knows or should know of them. He is not affected by the knowledge of facts which the principal or another agent has and which, if known to him, would cause his representations to be fraudulent. An agent who makes untrue statements based upon the information given to him by the principal is not liable because of the fact that the principal knew the information to be untrue. An agent can properly rely upon statements of the principal to the same extent as upon statements from any other reputable source."

Plaintiffs have alleged, however, that appellants ought to have known that the representation was untrue. They argue that the appellants assumed the burden of warranty of the truth of the representations. Thus the following questions arise:

1. Was the representation made and understood under such circumstances that the appellants, even though agents, should be held strictly accountable for the correctness of the representation?

2. May the appellants be held responsible for the untruth of the representation because, under the circumstances, including their degree of experience and knowledge, they ought, in the exercise of reasonable care, to have known that the statement was untrue?

Liability for an untrue representation may be based upon scienter, and while there has been a good deal of confusion in the use of this term, we now use it as applying to a speaker who either believes his statement to be false, or speaks with reckless disregard whether it be true or false. Prosser, Law of Torts (2d ed.), p. 538, sec. 88. It seems to be conceded that appellants did not believe their statement was false or speak with reckless disregard of whether it was true or false.

Some courts, including this one, on occasion, have imposed strict responsibility for innocent misrepresentation. *Gunther v. Ullrich* (1892), 82 Wis. 222, 228, 52 N. W. 88; *Palmer v. Goldberg* (1906), 128 Wis. 103, 111, 107 N. W. 478; *First Nat. Bank v. Hackett* (1914), 159 Wis. 113, 119, 149 N. W. 703; *Lee v. Bielefeld* (1922), 176 Wis. 225, 227, 186 N. W. 587.

"It has been a matter of dispute whether the result toward which the law obviously is tending should be brought about by opening the action of deceit to innocent misrepresentation, or by broadening the law of warranty." Prosser, Law of Torts (2d ed.), p. 547, sec. 88.

The same author goes on to state (p. 548):

"The courts which impose strict liability in deceit have not as yet stated its limits very definitely. It seems clear that, as in other cases of strict responsibility, there is a more or less conscious policy of placing the loss upon the innocent defendant rather than the innocent plaintiff who has been misled, in cases where public opinion seems to call for such a result. Thus far it has resulted only where the representation is made as of the defendant's own knowledge, concerning a matter as to which he purports to have knowledge, so

that he may be taken to have assumed responsibility as in the case of a warranty. It is clear, however, that the warranty requirement of a contract between the parties is not carried over into the tort action; but thus far it has been held that the defendant must have some economic interest in the transaction into which the plaintiff enters, and expect to derive some direct or indirect benefit from it, so that the information is not given entirely gratuitously. Agents negotiating for others have been held strictly liable or not, according to the interest which they are found to have in seeing that the contract is made; . . ."

Our attention has been called to a case in which the supreme court of Vermont indicated that a real-estate agent making a representation in good faith might be held liable as if he had made the statement with scienter if he made the statements as of his own knowledge and the plaintiff so understood them. *Smith v. Badlam* (1941), 112 Vt. 143, 146, 22 Atl. (2d) 161. The court stated:

"However, the fact that the representations took a declaratory form does not of itself necessarily imply that the defendant made the representations 'as of his own knowledge.' "

It was held in that case that the evidence did not justify a finding that the statements in question were made as of the real-estate agent's own knowledge.

In the case now before us, we do not deem that appellants' affidavits have established, as a matter of law, that they did not make the representations as statements of appellants' own knowledge and that plaintiffs did not so understand them. We avoid any statement in this opinion prejudging any factual questions, but the issue of whether the representation was made under circumstances under which appellants were strictly responsible for their truth is an issue which cannot be resolved upon this motion for summary judgment.

Liability for misrepresentation of fact has also, at times, been imposed upon a principle which is essentially that of

negligence. "A representation made with an honest belief in its truth may still be negligent, because of lack of reasonable care in ascertaining the facts, or in the manner of expression, or absence of the skill and competence required by a particular business or profession." Prosser, Law of Torts (2d ed.), p. 541, sec. 88. See also 1 Harper and James, Law of Torts, p. 545 ff., sec. 7.5.

Here, the statement was made by an agent who would benefit from the sale to potential purchasers, for the purpose of influencing them to make the purchase. Thus some of the problems referred to in the texts cited, as to the extent of liability for careless misstatement, are not present under these facts.

Again, we avoid any statement prejudging factual questions, but are of the opinion that the facts established upon the motion for summary judgment do not exclude the possibility that appellants failed to exercise reasonable care in making the representation.

Appellants argue that the provision of the offer to purchase negativing representations not expressed therein prevents consideration of the representation relied upon. Appellants were not parties to the contract. We see no effect that this provision could have upon appellants' alleged liability in tort.

The motion for summary judgment was properly denied.

*By the Court.*—Order affirmed.