**470**

James RITZ and Marilyn Ritz, Appellants,

v.

MYMOR HOMES, INC., et al., Appellees.

No. 56246.

Supreme Court of Iowa.

Dec. 19, 1973.

Stewart, Wimer, Brennan & Joyce, Des Moines, for appellants.

No appearance for appellees.

Submitted to MOORE, C. J., and Le-GRAND, UHLENHOPP, REYNOLD-SON and McCORMICK, JJ.

UHLENHOPP, Justice.

The question in this appeal is whether purchasers of a house generated a jury question on their claim against a realtor. The jury could find the following facts from the evidence.

MyMor Homes, a corporation, built a house in Des Moines, Iowa. During construction of the house, a ready-mix truck damaged a basement wall. Some repairs were subsequently made to the wall.

MyMor employed Randleman Realty, Inc. to find a buyer for the house. Randleman's employee, Robert W. Ogden, showed the house to plaintiffs James and Marilyn Ritz and pointed out the wall

which had been damaged. Ogden orally promised Ritzes that if the wall was not right MyMor "would repair it in suitable condition" and would remedy defects which developed within a year after sale.

Ritzes signed an offer to MyMor to buy the house. The offer recited that no representation made by the agent in the negotiation of the sale was relied on unless incorporated in the writing—and Ogden's promise on behalf of MyMor was not so incorporated. MyMor signed an acceptance of the offer, the parties consummated the sale, and Ritzes moved into the house.

The wall proved to be defective; water came through it and stood on the basement floor. Ritzes promptly reported the trouble to MyMor, which attempted unsuccessfully to correct it. MyMor called in the ready-mix company which also tried, unsuccessfully, to rectify the difficulty. Ritzes then employed a contractor who corrected the problem at a cost to them of $2,512.

Ritzes sued MyMor and Randleman (and others) to recover the expense of $2,512. In the pleadings, MyMor placed in issue the authority of Ogden as Randleman's employee to bind MyMor to make repairs. The evidence was conflicting on that issue. At the conclusion of the evidence, Randleman moved for a directed verdict in its favor. MyMor did not make a similar motion for itself and did not resist Randleman's motion. Ritzes resisted Randleman's motion on the ground that if the jury found Randleman, through Ogden, exceeded its authority from MyMor, Randleman would be liable. The trial court sustained the motion, submitted Ritzes' claim against MyMor on the promise to repair, and held as a matter of law that Ogden as Randleman's employee had MyMor's authority to make the promise. The jury found for Ritzes against MyMor for $2,512. The court entered judgment.

Ritzes appealed. Apparently they were unable to collect their judgment against MyMor, and no one contends that Ritzes

have been paid. Ritzes assert here that Randleman is liable to them. We must therefore consider the propriety of the trial court's sustaining Randleman's motion to direct.

Two of the grounds of that motion are that Ritzes did not prove the alleged promise to repair and that MyMor did in fact make adequate repairs. Those grounds are untenable, as Ritzes introduced substantial evidence in support of their allegations on both issues.

But two other grounds of the motion require more consideration: that MyMor was a disclosed principal and therefore Randleman is not liable to Ritzes, and that the recital regarding representations in the offer to buy prohibits Ritzes from asserting representations not in the writing.

■ I. Randleman was MyMor's agent. Ogden actually made the promise, but he was Randleman's employee and no one claims he did not have Randleman's authority to say what he said to Ritzes. Ogden may therefore be spoken of as Randleman in the transaction; he was Randleman's alter ego.

Randleman promised that MyMor, not Randleman, would repair. Moreover, Randleman disclosed that MyMor was its principal. Hence if Randleman had MyMor's authority to make the promise, Randleman is not itself liable. The general rule is stated thus in Restatement, Agency 2d § 328: "An agent, by making a contract only on behalf of a competent disclosed or partially disclosed principal whom he has power so to bind, does not thereby become liable for its nonperformance." See Cryder Well Co. v. Stangl, 257 Iowa 1255, 136 N. W.2d 519.

But the evidence was in conflict as to whether Randleman did have MyMor's authority to promise that MyMor would repair. Moreover, Randleman did not manifest to Ritzes that it had no authority to make the promise nor did Ritzes know Randleman lacked authority. This situa-

tion brought into play an exception to the general rule, stated thus in Restatement, Agency 2d § 329: "A person who purports to make a contract, conveyance or representation on behalf of another who has full capacity but whom he has no power to bind, thereby becomes subject to liability to the other party thereto upon an implied warranty of authority, unless he has manifested that he does not make such warranty or the other party knows that the agent is not so authorized." See Cryder Well Co. v. Stangl, supra.

■ Under the evidence, the trial court should have submitted Ritzes' claim against MyMor and Randleman on an "either-or" basis—with an additional form of verdict for both such defendants. Assuming the other elements of Ritzes' case were established, if the jury found that Randleman had MyMor's authority to make the promise, then MyMor would be, but Randleman would not be, liable to Ritzes; but if the jury found that Randleman did not have MyMor's authority, then Randleman would be, but MyMor would not be, liable. Instead, the trial court held as a matter of law that Randleman did have authority and therefore let Randleman out.

True, MyMor did not move for a directed verdict for itself and did not resist Randleman's motion to be let out. But MyMor could not by this procedure at trial deprive Ritzes of their right to go to the jury against Randleman. The question was, what was the fact as to authority *at the time the promise was made*? The evidence was conflicting on that. The trial court should have overruled this ground of Randleman's motion to direct.

■ II. The other ground of Randleman's motion involves the effect, as to Randleman, of the provision regarding representations in the offer to buy. This is a so-called merger clause, more frequently found in a contract for the sale of goods to negative parol representations and promises. See McCormick, Evidence, § 222 at 451–454 (1954); Prosser, Torts, § 97 at 656 (4th ed.). The problem here involves the parol evidence rule—whether the oral promise is legally viable in view of the merger clause.

We may assume arguendo the efficacy of this clause as between Ritzes and MyMor, had MyMor chosen to assert it. Is the clause effective between Ritzes and Randleman, so that Randleman is not liable?

The offer to buy and acceptance were between Ritzes and MyMor, but we may further assume without deciding that if Randleman acted with authority it could also assert the clause as MyMor's agent. But Ritzes' case against Randleman is bottomed on the claim that Randleman stepped out of its role as agent and acted without authority in making the promise. In that light, Randleman was a third person. Such a person cannot successfully assert the parol evidence rule in relation to a contract between two other persons. Stevenson v. Barwineck, 8 Wis.2d 557, 99 N. W.2d 690 (although tort rather than contract); 30 Am.Jur.2d Evidence §§ 1030, 1031 at 165–167; 32A C.J.S. Evidence § 861 at 224–230. The trial court should also have overruled this ground of Randleman's motion.

The case must be returned to district court for a new trial between Ritzes and Randleman.

Reversed.