GOERKE, by Guardian *ad litem,* Plaintiff and Respondent,
v. VOJVODICH and others, Defendants and Third-
Party Plaintiffs and Appellants: KELLY, Defendant:
PODELL and another, Individually and d/b/a PODELL
AND UGENT, and another, Third-Party Defendants
and Respondents.

*No. 341.  Submitted under sec. (Rule) 251.54 February 5, 1975.—*
*Decided March 4, 1975.*
(Also reported in 226 N. W. 2d 211.)

104

For the appellants the cause was submitted on the brief of *Herbert A. Eggie* of Milwaukee; and for the third-party respondents the cause was submitted on the brief of *Hayes & Hayes* of Milwaukee.

BEILFUSS, J. The salient allegations in the appellants' third-party complaint are that the respondents-attorneys represented the plaintiff, Mrs. Goerke, in the negotiations leading to the sale, knowing her to be mentally incompetent, and that they willfully and intentionally failed to reveal this fact to the appellants who had no knowledge of it and ask indemnification if they are liable for damages as a consequence.

A general statement of the liability of an attorney to third persons that we adhere to is stated in 7 C. J. S., *Attorney and Client,* p. 834, sec. 52 b:

"While an attorney is not liable to a third person for acts performed in good faith, and mere negligence on the part of an attorney is insufficient to give a right of action to a third party injured thereby, an attorney is personally liable to a third party who sustains an injury in consequence of his wrongful act or improper exercise of authority where the attorney has been guilty of fraud or collusion, or of a malicious or tortious act . . . ." [1]

The appellants contend that the conduct of the respondents in the instant case amounted to fraud, or that it was wrongful, thereby bringing the case within the

[1] *But see* 45 A. L. R. 3d 1181.

exception to the general rule. As authority, the appellants rely on *Scandrett v. Greenhouse* (1943), 244 Wis. 108, 11 N. W. 2d 510. In that case the attorney represented a plaintiff suing the Chicago, Milwaukee, St. Paul & Pacific Railroad Company for personal injuries. A compensation carrier had an interest in the plaintiff's claim. During settlement negotiations, the railroad offered $250 and the attorney stated he would take the matter up with the compensation carrier. On the following day, the attorney presented a release of the plaintiff's claim to the railroad and received a check for $250. The attorney never did obtain the consent nor pay the claim of the compensation carrier. The compensation carrier subsequently demanded payment from the railroad. The railroad paid the claim and then sued the attorney.

On appeal this court repeated the general rule at page 112 of *Scandrett v. Greenhouse:*

". . . While it is true . . . that an attorney is not ordinarily liable to third persons for his acts committed in the exercise of his proper functions as attorney concerning the subject matter of his agency, to this rule, however, there are a number of exceptions."

At pages 113, 114, the court stated:

"When the defendant in this case presented the release and demanded payment of $250, which was to be paid only upon condition that the compensation carrier consented thereto, that is, waived its claim, the defendant . . . thereby represented that the claim of the compensation carrier had been satisfied or waived and received the money in full settlement of all claims against the defendants in that action, the plaintiffs in this action, as stated in the release.

"It is not necessary for a person to make oral misrepresentation of fact in order to be guilty of fraudulent conduct,—such representations may be made by the acts or conduct of the party. The rule is stated in 1 Bigelow, Fraud, p. 467:

" 'Any conduct capable of being turned into a statement of fact is a representation. There is no distinction be-

tween misrepresentations effected by words and misrepresentations effected by other acts.' See *Leonard v. Springer* (1902), 197 Ill. 532, 64 N. E. 299.

"... "That the counsel for the plaintiffs in this action in accepting the release under the circumstances relied upon representation by the conduct of the defendant, appears as a matter of law. The conduct of the defendant, although he acted as agent and attorney of Kelley, need not to be characterized by so harsh a term as fraud. It was certainly wrongful. By reason of the defendant's wrongful conduct the plaintiffs were obliged to pay the amount for which recovery was allowed in civil court in excess of the agreed settlement, and while it does not appear that the defendant now has or had the money, nevertheless the wrong committed by him was his own wrong and he is liable for the legal consequences of his act even though the act was for the benefit of his client. He is not saved from liability because in the commission of the wrongful act he acted as agent for another."

The elements of fraudulent misrepresentation are well established in the case law: First, there must be a false representation; second, it must be made with intent to defraud and for the purpose of inducing another to act upon it; and third, such other person must rely on it and be induced to act, to his injury or damage. *McCluskey v. Thranow* (1966), 31 Wis. 2d 245, 252, 142 N. W. 2d 787; *First Nat. Bank in Oshkosh v. Scieszinski* (1964), 25 Wis. 2d 569, 573, 131 N. W. 2d 308.

We conclude that the respondents can be liable only if their failure to disclose the incompetency of Pearl Goerke amounted to fraud. This is so because the respondents were entitled to assume that the appellants would undertake a reasonable investigation or make reasonable inquiries as to the capacity of the party with whom they were contracting. This is especially true in light of the fact that, in Wisconsin, deeds executed by mental incompetents are not void but merely voidable. *French Lumbering Co. v. Theriault* (1900), 107 Wis. 627, 83 N. W. 927.

In those cases of arm's-length negotiations leading to the consummation of a contract such as in the case here, before liability can be imposed upon the attorney for the opposing party to the contract it must be shown that the attorney actually intended to mislead or misinform the other party and, in fact, does so to the detriment of that party.

In the third-party complaint before us there is an allegation that the attorneys for the opposing party did intentionally and willfully withhold the information that their client was incompetent, but there is not an allegation that it was done for the purpose of misleading or misinforming the other party. Upon this ground alone we conclude the third-party complaint does not state an action in fraud or wrongful conduct.

While it is properly a matter of defense to the third-party complaint, we do take note of the allegation in the answer of the appellants that the respondents-attorneys no longer represented the plaintiff at the time the negotiations were consummated by the sale, execution of the deeds, and transfer of the property.[2] Nondisclosure can be actionable where the transaction is completed.[3] But the failure to disclose before the negotiations are completed should not be the basis for attaching liability to your adversary's attorney. A different result might obtain if it was alleged that a false representation was made with intent to deceive, but there is no such allegation here and we express no opinion concerning it.

The order of the trial court sustaining the demurrer to the third-party complaint should be affirmed, together with leave to replead as provided by that order.

*By the Court.*—Order affirmed.

---

[2] Both the answer and the cross complaint were under one cover, verified by the same persons and served together. *See: Marky Investment v. Arnezeder* (1961), 15 Wis. 2d 74, 81, 112 N. W. 2d 211.

[3] *Scandrett v. Greenhouse, supra.*