**GREEN SPRING FARMS, a partnership, Daniel
J. Hartung, and John C. Rasmussen, Plaintiffs-
Appellants,**

v.

**E. Campion KERSTEN, Defendant-Respondent.** †

Court of Appeals

*No. 84–1214. Submitted on briefs August 12, 1985.—
Decided December 12, 1985.*
(Also reported in 381 N.W.2d 582.)

---

† Petition to review granted.

For the plaintiffs-appellants the cause was submitted on the briefs of *Roy N. Fine* and *Molbreak Law Office* of Madison.

For the defendant-respondent the cause was submitted on the brief of *John M. Moore* and *Jan A. Smokowicz* and *Bell, Metzner & Gierhart, S.C.,* of Madison.

Before Gartzke, P.J., Dykman, J., and Eich, J.

GARTZKE, P.J.    David Hartung and John Rasmussen, d/b/a Green Spring Farms, appeal from a summary judgment dismissing their complaint against Attorney E. Campion Kersten. The issue is whether the seller's attorney in a real estate transaction may be strictly liable to the buyer for misrepresenting that a previous contract to sell the property had been terminated, when the attorney has an economic interest in and stands to make a financial gain from the transaction. We conclude that the attorney may be strictly liable, notwithstanding the nonfraudulent nature of his misrepresentations. We therefore reverse.

Relying on *Goerke v. Vojvodich,* 67 Wis.2d 102, 226 N.W.2d 211 (1975), the trial court held that the seller's attorney can be liable to the buyer only if the misrepresentation amounted to fraud. The court concluded that the complaint, liberally construed, alleges that by failing to disclose an outstanding contract to sell the prop-

223

erty, Kersten fraudulently misrepresented to plaintiffs that the property was free from encumbrances. The court concluded from undisputed affidavits that Kersten disclosed the contract and advised plaintiffs that in his opinion it had been terminated, and although the contract had not been terminated, Kersten acted without fraud.

This summary judgment arises out of a converted motion to dismiss. Kersten moved to dismiss the complaint for failure to state a claim. Sec. 802.06(2)(f), Stats. He submitted an affidavit, and plaintiffs submitted an opposing affidavit. Because matters outside of the pleadings were presented, the trial court elected to treat the motion to dismiss as one for summary judgment. Sec. 802.06(2).

An appellate court follows the same summary judgment methodology as the trial court. *In re Cherokee Park Plat,* 113 Wis.2d 112, 115–16, 334 N.W.2d 580, 582 (Ct.App. 1983). The standard methodology dictates that the court determine whether the complaint states a claim, the answer states a defense and the pleadings show that factual issues exist. If factual issues exist, the court examines the moving party's affidavits for evidentiary facts or other proof to determine whether that party made a prima facie case for summary judgment. If a prima facie case has been made, the court examines the opposing affidavits for evidentiary facts and other proof to determine whether a genuine issue exists as to any material fact. *Id.* at 116, 334 N.W.2d at 582–83.

When a motion to dismiss is converted to a motion for summary judgment, the standard methodology must be modified. Whether the motion is to dismiss or

for summary judgment, the first question is whether the complaint states a claim upon which relief can be granted. *Prah v. Maretti,* 108 Wis.2d 223, 228, 321 N.W.2d 182, 185 (1982). We are required to read the complaint liberally to do substantial justice between the parties. *Strid v. Converse,* 111 Wis.2d 418, 422, 331 N.W.2d 350, 353 (1983). If the complaint states a claim, we next determine whether Kersten made a prima facie case for summary judgment. Because issue has not been joined, we treat the factual allegations in the complaint as admitted and consider the facts alleged in Kersten's affidavit with those alleged in the complaint. If Kersten made a prima facie case for dismissal, we look to plaintiffs' opposing affidavits or other proof to determine whether a genuine issue exists as to any material fact.

█ The complaint, liberally construed, states a claim for strict liability for misrepresentation.[1] The elements of strict liability for misrepresentation are: (1) that defendant made a representation of fact; (2) that the representation was untrue; (3) that defendant represented the fact from his personal knowledge or was so situated that he either had particular means of ascertaining the pertinent facts, or his position made possible complete knowledge and his statements fairly implied that he had it; (4) that defendant had an economic interest in the transaction in that defendant stood to make a fi-

---

[1] A claim for fraudulent misrepresentation is not stated. The elements of fraud are a false representation made with intent to defraud and reliance by the injured party on the misrepresentation. *Ritchie v. Clappier,* 109 Wis.2d 399, 404, 326 N.W.2d 131, 134 (Ct.App. 1982). The complaint does not allege that Kersten intended to defraud plaintiffs.

nancial gain if the plaintiff entered it; and (5) that plaintiff believed the representation to be true and relied on it. *See* Wis J I—Civil 2402 and cases cited.

■

Plaintiffs allege in the complaint that Kersten represented a corporation which sold a farm to plaintiffs. They allege he had an economic interest in the transaction and stood to make a financial gain from it. To induce plaintiffs to purchase the farm, he represented it was free from encumbrances and that dealings with a prior purchaser, Ronald Offutt & Son, had been terminated. The representations were made partly by providing plaintiffs with a copy of Kersten's letter to a title insurance company. The letter states that Kersten sent a telegram to Offutt cancelling a contract to sell the farm unless Offutt met certain conditions and that the conditions were not met. It states without qualification that "our dealings with Ronald Offutt & Son have been terminated." Plaintiffs allege that Kersten had the means of ascertaining the facts, his position as attorney for the corporation made complete knowledge possible, and that he should have known that his representations to plaintiffs were untrue. Plaintiffs allege that they relied on and were induced by the misrepresentations to enter the transaction. Offutt, however, had an interest in the farm by virtue of the prior contract, and the circuit court set aside the seller's deed to plaintiffs and granted specific performance to Offutt.

The claimed misrepresentations are of facts, not expressions of opinion. Ordinarily a party has no right to rely on a statement of opinion. *Lundin v. Shimanski*, 124 Wis.2d 175, 192, 368 N.W.2d 676, 684 (1985). A representation that because certain events have occurred a contract has been terminated is one of both fact and

opinion. To the extent that it expresses a judgment on the legal consequences of the facts, it is opinion. *Compare Restatement (Second) of Torts* sec. 525 comment d (1977) (statement is opinion if it expresses only the actor's judgment as to the legal consequence that would be attached to particular stated facts if the question were litigated). To the extent that it recites past events, it is factual. The letter implied that no other events had occurred which would affect the legal consequences. *Compare Lundin,* 124 Wis.2d at 193, 368 N.W.2d at 685 (statement of opinion in a business transaction on facts not known to recipient may reasonably by interpreted as implied statement that the maker knows of no fact incompatible with his opinion). Since the circuit court ordered specific performance for Offutt, it is reasonable to infer that other events had occurred about which Kersten, because of his position, knew or should have known but did not disclose.

The next question is whether we should apply the principle announced in *Goerke v. Vojvodich, supra:* that a seller's attorney is liable to the buyer only for fraudulent misrepresentations. We conclude that the principle is inapplicable. In addition to being the attorney for the seller, Kersten is alleged to have had an economic interest in the transaction and to have stood to make a financial gain if plaintiffs entered it.[2] If those

[2] According to plaintiffs' opposing affidavit, Kersten's law firm had a mortgage on the real estate to secure the firm's fee for representing the seller in another action. The firm could not recover that fee until the property was sold. We add those facts for the sake of completeness, even though we do not reach plaintiffs' affidavits,

circumstances exist, his liability for misrepresentation should be no greater or less than that of a seller who by definition has an economic interest in a real estate transaction.

Unlike the American Law Institute, which would limit liability for innocent misrepresentation to the parties to a sale,[3] Wisconsin extends that liability to the seller's agent if the agent has an economic interest in the transaction.

In *Stevenson v. Barwineck,* 8 Wis.2d 557, 99 N.W.2d 690 (1959), the purchasers sued real estate brokers alleging that the brokers had misrepresented the property. The brokers pleaded that they had acted as agents for the sellers and relied solely on the sellers' representations. The *Stevenson* court noted that agents have been held strictly liable or not, according to the

without deciding whether they meet the strict liability element of economic interest.

[3] According to *Restatement (Second) of Torts* sec. 552C(1) (1977):

One who, in a sale, rental or exchange transaction with another, makes a misrepresentation of a material fact for the purpose of inducing the other to act or to refrain from acting in reliance upon it, is subject to liability to the other for pecuniary loss caused to him by his justifiable reliance upon the misrepresentation, even though it is not made fraudulently or negligently.

Under the *Restatement* rule, "the strict liability for innocent misrepresentation is limited to sale, rental or exchange transaction between the plaintiff and the defendant." Comment on Caveat: g, at 145. The Restatement cautions, however, that in a few decisions agents selling for their principals have been held to strict liability for innocent misrepresentation when they received a commission or had some other pecuniary interest in the transaction. *Id.* We do not suggest that the strict liability rule in the *Restatement* is otherwise identical to the Wisconsin rule.

interest they have in seeing the contract made. *Id.* at 563, 99 N.W.2d at 693. The court also noted that the misrepresentation was made by an agent who would benefit from the sale and concluded that the brokers' motion for summary judgment was properly denied.[4] *Id.* at 564, 99 N.W.2d at 694. We read the decision as recognizing that an agent may be working for himself as well as his principal, depending on the nature and extent of the agent's interest in the transaction.

We turn to Kersten's affidavit to determine whether its averments, read with those alleged in the complaint, disclose a prima facie defense. According to the affidavit, on Kersten's instructions the seller's president agreed to conduct all negotiations through Kersten and not to deal directly with Offutt. When Offutt failed to close the purchase, the president assured Kersten that the Offutt deal was dead and that Kersten should try to sell the land to somebody else. Kersten tried to sell the land to plaintiffs to mitigate the corporation's damages arising from Offutt's breach. At no time in his dealings with plaintiffs was Kersten informed by the president that he had continued to deal directly with Offutt or that the Offutt closing date had been extended.

Kersten's affidavit does not controvert any of the elements of strict liability alleged in the complaint. His reliance on the president's assurances or agreement is no more a defense than was the reliance of the realtors

---

[4] The opinion assumes that the brokers were entitled to a commission on the sale. *Cauerke v. Rozga,* 112 Wis.2d 271, 332 N.W.2d 804 (1983), also involved a purchaser's suit against real estate brokers and strict liability for misrepresentation. The parties assumed the brokers' economic interest in the transaction.

in *Stevenson, supra,* on the information their seller gave to them. His good faith belief that he told the truth is no defense when strict liability may be imposed for misrepresentation. *Ohrmundt v. Spiegelhoff,* 175 Wis. 214, 219, 184 N.W. 692, 694 (1921). That he had an economic interest in the transaction and stood financially to gain from it stands uncontested, unqualified and unexplained, for purposes of summary judgment methodology.

We conclude that Kersten's affidavit fails to establish a prima facie defense. That being the case, his motion for summary judgment fails. We need not examine plaintiff's opposing affidavits to determine whether they show that a genuine issue of material fact exists.

*By the Court.*—Judgment reversed and remanded for further proceedings.