Edmund J. KRAWCZYK, Special Trustee of Wanderer's Rest Interment Society Perpetual Care Fund, Plaintiff,

v.

BANK OF SUN PRAIRIE, William J. Livingston, and Virginia Surety Co., Inc., Defendants-Third-Party Plaintiffs-Appellants,†

v.

J. David KREKELER, Collins, Beatty & Krekeler, S.C., Francis B. Baratto, and A.G. Edwards & Sons, Inc., Third-Party Defendants-Respondents.

Court of Appeals

*No. 92–0812. Submitted on briefs September 10, 1992.—Decided January 21, 1993.*

(Also reported in 496 N.W.2d 218.)

---

† Petition to review denied.

1

2

For the defendants and third-party plaintiffs-appellants the cause was submitted on the briefs of *James R. Cole* and *Mark S. Zimmer* of *Stroud, Stroud, Willink, Thompson & Howard* joined by *Bruce Gillman* of *Tomlinson, Gillin & Rikkers, S.C.* and *David J. Harth* of *Foley & Lardner* of Madison.

For the third-party defendants-respondents the cause was submitted on the brief of *John W. Markson* and *Mary L. McDaniel* of *Bell, Metzner, Gierhart & Moore, S.C.* of Madison.

Before Eich, C.J., Gartzke, P.J., and Sundby, J.

EICH, C.J. The Bank of Sun Prairie and one of its officers, William Livingston,[1] appeal from a judgment dismissing their third-party complaint against Attorney J. David Krekeler and his law firm, Collins, Beatty & Krekeler, S.C. (collectively "Krekeler"), for failure to state a claim upon which relief may be granted.

Attorney Krekeler, representing the purchaser of a cemetery, requested that the bank release to his client certain perpetual care funds being held in trust for the cemetery, assuring Livingston that such release was proper. The funds were released and converted by the client, and Edmund Krawczyk was appointed special trustee to recover them. When Krawczyk sued the bank, it filed a third-party complaint against Krekeler, seeking to hold him liable for the loss. The bank sought to establish Krekeler's liability on two theories: negligent misrepresentation, and an assertion that the bank was the third-party beneficiary of Krekeler's "contract" to represent the purchaser in securing transfer of the funds. The trial court granted Krekeler's motion to dismiss the complaint and the bank appeals.

The issue is whether the bank's third-party complaint states a claim upon which relief may be granted against Krekeler (a) for negligent misrepresentation and (b) on its third-party-beneficiary theory. We agree with the trial court that the complaint fails to state a claim based on either theory and we affirm the judgment dismissing the action.

In considering a motion to dismiss a complaint for failure to state a claim, we take all properly pleaded facts as admitted. *Evans v. Cameron*, 121 Wis. 2d 421, 426, 360 N.W.2d 25, 28 (1985). The purpose of the motion is

---

[1] For simplicity, we will refer to both plaintiffs collectively as "the bank" unless a distinction is required.

to test the legal sufficiency of the complaint, and because we construe pleadings liberally, we will dismiss a claim only if "it is quite clear that under no conditions can the plaintiff recover." *Id.* (quoting *Morgan v. Pennsylvania Gen. Ins. Co.*, 87 Wis. 2d 723, 731, 275 N.W.2d 660, 664 (1979)).

The bank's complaint alleges the following facts. In 1986, Raymond Turner purchased a corporation, Wanderer's Rest Cemetery, Inc., which owned and operated a cemetery in Milwaukee County. The corporation was the beneficiary of certain perpetual care funds held in trust at the Bank of Sun Prairie and administered by Livingston. Krekeler represented Turner during his negotiations to purchase the cemetery and continued representing both him and the corporation thereafter.

After the purchase, Krekeler informed Livingston that Turner had purchased the cemetery and had appointed himself (Turner) trustee for the perpetual care funds. Krekeler also told Livingston that he had researched the legal issues involved and concluded that there were no legal impediments to transferring the trust funds to an account controlled by Turner. The following day Krekeler wrote to the bank, directing it to transfer the funds to Turner's account. As indicated above, it did so and this lawsuit followed.

### The Claim for Negligent Misrepresentation

Krekeler is a lawyer, and the bank's claim relates to representations he made in the course of his representation of his clients, Turner and Wanderer's Rest. There is no claim or suggestion that he was in any way representing the bank or functioning as its attorney.

In Wisconsin, an attorney is not liable to a third-party nonclient for advice that is merely negligently

given; there must be fraudulent conduct by the attorney for liability to attach. The basic rule was first stated in *Goerke v. Vojvodich*, 67 Wis. 2d 102, 105, 226 N.W.2d 211, 213 (1975): "[A]n attorney is personally liable to a third-party who sustains an injury in consequence of his [or her] wrongful act or improper exercise of authority *where the attorney has been guilty of fraud or collusion, or of . . . malicious or tortious act[s]. . .."* (Emphasis added.) The supreme court recently characterized *Goerke* as establishing the rule that in order to hold an attorney liable to a nonclient in such circumstances, there must be "affirmative proof of fraudulent conduct." *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 321, 401 N.W.2d 816, 822 (1987).

The bank attempts to avoid *Goerke* and *Green Spring Farms* by asserting that in those cases the lawyer and the party to whom the representation was made were in an "adversarial relationship" and both parties to the dispute were represented by counsel. It is true that the *Green Spring Farms* court devoted several paragraphs in its lengthy opinion to a discussion of the parties' adversarial relationship in the course of their dealings, and the fact that each was represented by counsel. It is equally true, however, that the court stated unequivocally that *Goerke* "governs attorney liability to third parties in Wisconsin," and that the *Goerke* rule "requires affirmative proof of fraudulent conduct on the attorney's part before [he or she] may be held liable to a nonclient." *Green Spring Farms*, 136 Wis. 2d at 321, 401 N.W.2d at 822. Later in the opinion, the court noted that its subsequent decisions "have not departed from the *Goerke* rule" and restated the proposition that "[a]n attorney may not be held liable for 'mere negligence,' " concluding: "We . . . decline to expand or modify *Goerke*." *Id.* at 321, 322, 401 N.W.2d at 823.

6

What the bank urges upon us in this case is to create a new public policy exception to the *Goerke* rule from the threads of the supreme court's opinion *Green Spring Farms*. It asks us to hold that proof of fraudulent conduct on the attorney's part is not a condition of liability to a third party where that third-party and the attorney are not in an "adversarial relationship" and where that third party is not represented by counsel as part and parcel of that relationship.

We must decline the invitation, for it is the supreme court, not this court, in which the constitution has reposed the primary law-declaring function in the state's judicial system. *State v. Grawien*, 123 Wis. 2d 428, 432, 367 N.W.2d 816, 818 (Ct. App. 1985). *See also State v. Schumacher*, 144 Wis. 2d 388, 405, 424 Wis. 2d 672, 678 (1988) (supreme court, not the court of appeals, is "to oversee and implement the statewide development of the law"). Relying on what we consider the plain language of *Goerke* and *Green Spring Farms*, we affirm the trial court's determination that the bank, having conceded that Krekeler's actions were not fraudulent, has failed to state a claim for negligent misrepresentation against him.

## The Third-Party-Beneficiary Claim

The bank also argues that it may sue Krekeler because it was a third-party-beneficiary to the contract between Wanderer's Rest and Krekeler under which Krekeler agreed to perform legal services for the cemetery. We disagree.

To gain status as a third-party-beneficiary of a contract, the party claiming that status must show that the contract was entered into by the other parties directly

and primarily for his or her benefit. *Mercado v. Mitchell*, 83 Wis. 2d 17, 28, 264 N.W.2d 532, 538 (1978). The benefit must be more than incidental. *Id.*

The only allegation in the bank's complaint supporting such a claim is the following: "Turner and [Wanderer's Rest] entered into a contract with Krekeler . . . for the performance of services related to the transfer of the . . . Funds, the purpose of which . . . was in whole or in part to induce and influence . . . the Bank to transfer the . . . [f]unds to [Turner's account]." The complaint does not define the benefits the bank was to receive; and, construing the document liberally, we see nothing in this allegation suggesting that Krekeler's contract with his clients was concluded "directly and primarily" for the bank's benefit. The "contract" to which it refers was one in which Wanderer's Rest and Turner hired Krekeler to provide legal services, including securing the transfer of the trust funds to the new owner of the cemetery. Any benefit the bank might have received from such a contract—and, as indicated, none is suggested in the complaint—would be wholly incidental to its purpose, and the trial court properly dismissed the claim.[2]

---

[2] The bank also contends that its third-party beneficiary claim is supported by *Auric v. Continental Casualty Co.*, 111 Wis. 2d 507, 331 N.W.2d 325 (1983), where the supreme court permitted the beneficiary of a will to sue an attorney for negligently drafting the will. Unlike the beneficiary of the will in *Auric*, however, the bank is not the intended benefactor of the contract between Turner and the cemetery. In addition, *Auric* has been strictly limited to the will-drafter/beneficiary relationship. *See Green Spring Farms*, 136 Wis. 2d at 326, 401 N.W.2d at 825.

*By the Court.*—Judgment affirmed.