STATE of Wisconsin EX REL. Albert L. VANDERBLOEMEN, Patricia S. Vanderbloemen, Jan L. Vanderbloemen and Jane A. Vanderbloemen, Plaintiffs-Appellants,†

v.

TOWN OF WEST BEND BOARD OF SUPERVISORS, Robert W. Seebach, Peter Wenninger and James E. Heipp; and Town of Polk Board of Supervisors, Willard Heppe, George W. Brugger and Richard Held, Defendants-Respondents.

Court of Appeals

*No. 93–2401. Submitted on briefs April 12, 1994.—Decided October 26, 1994.*

(Also reported in 525 N.W.2d 133.)

†Petition to review denied.

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Joseph F. Owens* of *Arthur & Owens, S.C.* of New Berlin.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Michael J. Cieslewicz* and *Ronald C. Curtis* of *Kasdorf, Lewis & Swietlik, S.C.* of Milwaukee.

Before Anderson, P.J., Nettesheim and Snyder, JJ.

SNYDER, J. Albert L. Vanderbloemen and his family appeal from an order dismissing their complaint which sought to keep their property exempt from inclusion in the Little Cedar Lake Sanitary District. The issue to be decided on appeal is the constitutionality of § 60.726, STATS., which retroactively repealed the Vanderbloemens' former statutory exemption from the sanitary district. The Vanderbloemens argue that the statute is facially unconstitutional in that it retroactively divests a property right previously conferred by statute without due process. We agree with the trial court that § 60.726 is constitutional. We conclude that the Vanderbloemens did not have a vested property right in the exemption and that the state's repeal of the exemption was a valid exercise of its police power. Accordingly, we affirm.

The underlying facts of this case are undisputed. The Vanderbloemens own a sixty-two acre farmstead located in the town of West Bend. Approximately forty-three acres of their land is situated within the boundaries of the Little Cedar Lake Sanitary District. However, pursuant to previous statutory language,

§§ 60.725 and 60.785(1m), STATS., 1989-90, the property was exempt from the sanitary district, provided certain statutory criteria were met.[1]

On September 28, 1991, the Vanderbloemens filed a "Petition for Exclusion or Removal of Property from Little Cedar Lake Sanitary District" with the Town of West Bend Board of Supervisors and subsequently appeared before the town board for a public hearing on their petition. On January 8, 1992, the town supervisors denied the petition. The Vanderbloemens requested that the town board reconsider its decision because it failed to consider the petition as one for exclusion from the sanitary district under § 60.725, STATS., 1989-90, and failed to follow the statutory

---

[1] Section 60.725, STATS., 1989-90, provides:

(1) Property that is in a town sanitary district on April 19, 1990, and that includes a building used for human habitation that is served by a private sewage system, as defined in s. 145.01(12), that conforms with the state plumbing code shall be excluded from that town sanitary district if the town sanitary district has no municipal obligations, as defined in s. 67.01(6), with a term of more than one year and if the town sanitary district provides no service to that property. If the owner of the property submits a request in writing to the commission secretary requesting that the commission add his or her property to the town sanitary district, the commission shall add that property to the town sanitary district.

(2) Except as provided in sub. (1), property that includes a building used for human habitation that is served by a private sewage system, as defined in s. 145.01(12), that conforms with the state plumbing code shall be excluded from a town sanitary district created under this subchapter after April 19, 1990, unless the owner of the property submits a request in writing to the commission secretary requesting that the commission add his or her property to the town sanitary district, or unless the private sewage system fails to comply with the state plumbing code and is not promptly brought into compliance with the code.

framework of § 60.71(6)(b), STATS., 1989-90.[2] On February 25, 1992, the town board denied the Vanderbloemens' request for reconsideration.

The Vanderbloemens then filed suit against the Town of West Bend Board of Supervisors. The Town of Polk Board of Supervisors and its members were later named as additional necessary parties because the sanitary district at issue extended into the town of Polk. The complaint sought the following: (1) a writ of mandamus requiring the Town of West Bend Board of Supervisors to decide the petition to exclude their property pursuant to the statutory framework of § 60.725, STATS., 1989-90; (2) a declaratory judgment that the town supervisors' failure to properly consider the Vanderbloemens' petition violated 42 U.S.C. § 1983 and their rights under the United States and Wisconsin Constitutions; and (3) a judgment reversing the town supervisors' January 8, 1992 decision denying their petition for exemption from the sanitary district.

During the pendency of the action, the legislature enacted 1991 Wis. Act 270, §§ 1, 2, effective May 14, 1992, which amended § 60.725, STATS., 1989-90, and created § 60.726, STATS. The new statutory scheme retroactively repealed the Vanderbloemens' right to exemption from the sanitary district back to April 19,

---

[2] In reaching a decision on the formation of a town sanitary district, the town board must determine if:

1. The proposed work is necessary.

2. Public health, safety, convenience or welfare will be promoted by the establishment of the district.

3. Property to be included in the district will be benefited by the district.

Section 60.71(6)(b), STATS., 1989-90. The Vanderbloemens argue that the board's written decision failed to address the "necessity" and "benefit to the property" requirements.

1990, specifically stating that all property should be included in a subsequently formed sanitary district.[3]

As a result of the new legislation, the town boards moved the circuit court to dismiss the Vanderbloemens' action due to mootness. By order dated June 14, 1993, the court granted the town boards' motion to dismiss. The court held that the legislature's act of amending § 60.725, STATS., 1989-90, and creating § 60.726, STATS., was a valid and constitutional exercise of the state's police power. The Vanderbloemens appeal.

When reviewing a motion to dismiss a complaint, we take the facts pled as admitted. *Krawczyk v. Bank of Sun Prairie*, 174 Wis. 2d 1, 4, 496 N.W.2d 218, 219 (Ct. App. 1993). When testing the legal sufficiency of the complaint, we construe the pleadings liberally, and we will dismiss a claim only if the plaintiff cannot recover under any circumstances. *Id.* at 4-5, 496 N.W.2d at 219.

Accepting the facts pled as true, the Vander-bloemens can only prevail if § 60.726, STATS., is unconstitutional. The constitutionality of a statute is a

---

[3] Section 60.726, STATS., provides in part:

**Property with private sewage systems included. (1)** Property that is excluded from a town sanitary district under s. 60.725 (1) or, subject to sub. (2), property that is excluded from a town sanitary district under s. 60.725(2), shall be included in the town sanitary district, retroactive to April 19, 1990, and shall be subject to all property taxes, special assessments, special charges or other charges imposed or assessed by the town sanitary district on or after April 19, 1990.

**(2)** If a property owner installed on his or her property a private sewage system, as defined in s. 145.01(12), that conforms with the state plumbing code, before a town sanitary district that encompasses that property came into existence, that property shall be included in the town sanitary district.. . .

question of law which this court reviews de novo. *State v. Bertrand*, 162 Wis. 2d 411, 415, 469 N.W.2d·873, 875 (Ct. App. 1991). A statute is presumed to be constitutional and will be held unconstitutional only if it appears so beyond a reasonable doubt. *State ex rel. Hammermill Paper Co. v. La Plante*, 58 Wis. 2d 32, 46, 205 N.W.2d 784, 792 (1973). The burden of establishing the unconstitutionality of a statute is on the person attacking it, who must overcome the strong presumption in favor of its validity. *Id.* at 46, 205 N.W.2d at 793. If there is any reasonable basis upon which the legislation may constitutionally rest, the court must assume that the legislature had such fact in mind and passed the act accordingly. *Id.*

The Vanderbloemens argue that § 60.725, STATS., 1989-90, granted them a vested property right to be exempt from the sanitary district and that this right is therefore entitled to constitutional protection. They assert that § 60.726, STATS., is unconstitutional because it retroactively divests them of a property right without due process. We disagree.

We addressed a similar argument in *Village of Menomonee Falls v. Michelson*, 104 Wis. 2d 137, 311 N.W.2d 658 (Ct. App. 1981). In *Michelson*, a landowner argued that the village of Menomonee Falls by a former ordinance required her to install drain tiles and connect the tiles to the sanitary sewer system. A subsequent ordinance, which applied retroactively, expressly prohibited such connections and required persons with existing connections to dismantle them. *Id.* at 142, 311 N.W.2d at 661.

The landowner argued that the retroactive ordinance violated her constitutional right to due process. *Id.* This court held that the landowner had no vested right to have a drain connection between her premises

464

and the public sanitary sewer system and that therefore her constitutional rights were not violated. *Id.* at 143, 311 N.W.2d at 661. In doing so, we characterized the right to connect to the sewer as analogous to a license and stated:

> "As a rule, the right given to a property owner to connect with a municipal sewer is in the nature of a license only, and does not become a vested right merely because he was put to considerable expense in constructing a drain from his premises and connecting with the sewer. Such a license may be revoked for cause at any time."

*Id.* at 143-44, 311 N.W.2d at 661-62 (quoting 11 EUGENE MCQUILLIN, THE LAW OF MUNICIPAL CORPORATIONS § 31.31, at 241 (3d ed. 1977)). Further, we concluded that the ordinance requiring disconnection was a valid exercise of the village's police power. *Id.* at 144, 311 N.W.2d at 662.

For the same reasons set forth in *Michelson,* we conclude that the Vanderbloemens do not have a vested right to be exempt from connection with a sewer system. Just as no individual has any vested right in the use of the sewers, nor can a governmental body grant such right, no individual has a vested right to be detached from a sewer system. *See id.* at 143, 311 N.W.2d at 661. Likewise, because we consider a drain tile connection to a sewer as being in the nature of a license only, then the Vanderbloemens' former exemption from the sanitary district must also be considered analogous to a license subject to revocation, not a vested property right.

Further, we conclude that § 60.726, STATS., is a valid exercise of the state's police power to maintain and protect the general health and welfare of its citizens. The Supreme Court has long since recognized the

state's legitimate exercise of its police powers related to sewers:

> It is the commonest exercise of the police power of a state or city to provide for a system of sewers, and to compel property owners to connect therewith. And this duty may be enforced by criminal penalties.

*Hutchinson v. City of Valdosta,* 227 U.S. 303, 308 (1913). Further, such exercise of power does not violate the Fourteenth Amendment. *Id.*

The Vanderbloemens argue that this case is more analogous to *Des Jardin v. Town of Greenfield,* 262 Wis. 43, 53 N.W.2d 784 (1952). In *Des Jardin,* the landowner maintained and occupied a trailer home adjacent to his primary residence in accordance with a town ordinance. The town subsequently repealed the ordinance allowing such trailer homes and the landowner filed suit in an effort to keep using the trailer home as a dwelling. *Id.* at 44-45, 53 N.W.2d at 784-85.

The supreme court first acknowledged that the landowner had a vested interest in the use of the trailer home for dwelling purposes at the time the ordinance was repealed. *Id.* at 46, 53 N.W.2d at 785. The court concluded that retrospective application of the ordinance would therefore be unconstitutional as applied to the landowner's vested property right. *Id.* at 47, 53 N.W.2d at 786. In doing so, the court viewed the ordinance as similar in character to a zoning ordinance and relied on the following zoning principles:

> "[A] zoning ordinance is invalid and unreasonable where it attempts to exclude and prohibit existing and established uses or businesses that are not nuisances. If when a zoning ordinance was adopted, premises were used for a nonconforming use, one is within his rights in continuing that use. Accord-

ingly, zoning regulations cannot be made retroactive . . . ."

*Id.* at 47-48, 53 N.W.2d at 786 (quoting 8 EUGENE MCQUILLIN, THE LAW OF MUNICIPAL CORPORATIONS § 25.181, at 363 (3d ed. 1977)).

We disagree that *Des Jardin* controls this case. In *Des Jardin*, the court expressly recognized that the landowner had a vested right in the use of his trailer home as a dwelling on his property. For the reasons already stated, the Vanderbloemens do not have a vested right to be free from required sewer usage. Further, unlike the zoning principles applied in *Des Jardin*, the rights given to property owners regarding sewer connections are more similar in character to a license, which may be revoked for cause at any time. *See Michelson*, 104 Wis. 2d at 143-44, 311 N.W.2d at 661-62.

In sum, we recall here the strong presumption of constitutionality afforded to statutes and the heavy burden placed on the party attacking them to overcome that presumption. *Hammermill Paper*, 58 Wis. 2d at 46, 205 N.W.2d at 792. We conclude that the Vanderbloemens have failed to meet their burden. Because we conclude that § 60.726, STATS., constitutes a valid exercise of the state's broad police power to protect the general health and welfare of its citizens and does not affect any of the Vanderbloemens' vested rights, we hold that § 60.726 is constitutional.

*By the Court.*—Order affirmed.